OSCAR FRAZIER V. STATE OF INDIANA.

[No. 774S136. Filed October 20, 1975.]

*Harriette Bailey Conn*, Public Defender of Indiana, *Darrell F. Ellis*, Deputy Public Defender, for appellant.

*Theodore L. Sendak*, Attorney General, *Robert F. Alden*, Deputy Attorney General, for appellee.

PRENTICE, J.—Petitioner (Appellant) pleaded guilty to a reduced charge of Second Degree Murder on November 12, 1934. No process of review of that plea and his conviction thereon was undertaken until the present time. On July 31,

1972, the petitioner filed in the Circuit Court of LaPorte County what was denominated a verified petition for writ of habeas corpus, which was ultimately transferred to the Criminal Court of Marion County, Division One, where petitioner had been convicted and sentenced, and amended on March 6, 1973, and treated as a petition for post conviction relief under Ind. R. P.C. 1. In response, the State filed a motion for summary disposition under Ind. R. P.C. 1, § 4(f), assigning the lapse of thirty-nine years between the judgment and the petition for relief as a waiver of error, if any, in the judgment.

Arguments were heard upon the State's motion, during which the petitioner asserted that there was no requirement of diligence under Ind. R. P.C. 1, as there is under Ind. R. P.C. 2, and alternatively requested an evidentiary hearing upon the issue of waiver, charging that a waiver is present only when there is a voluntary relinquishment of a known right. The trial court denied the request for an evidentiary hearing and sustained the State's motion to dismiss.

The answers to the questions posed by this case are found in *Langley; Richardson* v. *State*, (1971) 256 Ind. 199, 267 N.E.2d 538. In that case, it was acknowledged that a showing of diligence is not a prerequisite to relief under Ind. R. P.C. 1 and that a petitioner could successfully seek post conviction relief in a particular case under Ind. R. P.C. 1, notwithstanding that he would fail to qualify for consideration on the merits under Ind. R. P.C. 2. (p. 211). Taken out of context, this statement might be very misleading. However, elsewhere in the opinion, Justice Hunter noted that the mere filing for relief at a later time under the provisions of Ind. R. P.C. 1 does not insulate a petitioner from a State sponsored inquiry into the matter of waiver on the issues raised by the petition (p. 206) and that where the defense of waiver is raised, a petitioner must then present some substantial basis or circumstance which would satisfactorily mitigate his failure to pursue or perfect a remedy through the normal channels. (p. 211).

Strictly speaking, a waiver is the intentional relinquishment of a known right, claim or privilege. Ballentine's Law Dictionary, Third Edition, and authorities there cited. In such restricted use, the petitioner's position that waiver is present only when the existence of the right is known and is voluntarily relinquished is quite correct. However, when used with reference to the availability or non-availability of legal review, the term "waiver" has been loosely used. Procedural rules, imperfect though they may be, have been developed to the best of our abilities with a two-fold purpose. The first is to provide a method of litigating disputes most likely to bring forth the truth, and the second is to lay the dispute at rest. Although no reasonable effort should be spared in accomplishing the first purpose, once we are satisfied that such effort has been expended, we must accept the result as the best we can do. At that point, if we are to survive, the goal of finality must take precedence. In accomplishing finality of judicial determinations, we have erected barriers against re-opening issues previously determined and against the opening of related issues that were previously subject to litigation but not presented at the logical time. When we cut off the right to litigate an issue because it was not presented at a time compatible with established procedures, we refer to the extinguishment as a waiver, although we know that in reality the forebearance may not have been intentional or the existence of the right even known. Perhaps we have fictionalized by indulging in presumptions. In any event there is, of necessity, considerable arbitrariness in our rules of procedure designed to finalize litigation.

Waiver, as the term is employed in *Langley; Richardson* v. *State, supra,* would include the defense of laches and equitable estoppel. In the case at bar we are concerned with what would more properly be termed laches, that is the neglect for an unreasonable or unexplained length of time, under circumstances permitting diligence,

to do what in law should have been done. It is an implied waiver arising from knowledge of existing conditions and an acquiescence in them, the neglect to assert a right, as taken in conjunction with the lapse of time, more or less great, and other circumstances causing prejudice to the adverse party and thus operating as a bar in a court of equity. *Haas* v. *Holder*, (1941) 218 Ind. 263, 32 N.E.2d 590.

The question of laches is one to be determined by the court in the exercise of its sound discretion from the facts and circumstances of each case. *State ex rel. Harris* v. *Mutschler*, (1953) 232 Ind. 580, 115 N.E.2d 206. Although an element thereof, the lapse of time alone does not constitute laches. *Sinclair* v. *Ganzenhauser*, (1913) 179 Ind. 78, 98 N.E. 37, rehearing denied 179 Ind. 78, 100 N.E. 376. Other factors also bear substantially upon the determination, among them the reasonableness of a delay and the prejudice, if any, to the adversary.

Notwithstanding what appears, at first blush, to be an insurmountable obstacle, the petitioner was entitled to an opportunity to present his evidence in avoidance of the operation of the laches doctrine.

Under our Ind. R. P.C. 1, the trial judge has a right to proceed summarily when it appears from the pleadings, depositions, answers to interrogatories, admissions, stipulations of fact and any affidavits submitted, that there is no genuine issue of material fact. Ind. R. P.C. 1, § 4(f). This provision, dispenses with the necessity of an evidentiary hearing when the issues are of law only. It does not, however, dispense with the need for such a hearing when the determination hinges, in whole or in part, upon facts not resolved. This is true even though the likelihood of the petitioner's producing evidence sufficient to establish his claim appears to be quite remote.

Although thirty-nine years had elapsed since his conviction, the petitioner had a right under Ind. R. P.C. 1 and *Lang-*

*ley; Richardson* v. *State, supra,* to have his petition determined upon the evidence, because as previously stated, diligence is not a prerequisite to relief under Ind. R. P.C. 1. *Langley; Richardson* did not hold, however, that by filing for relief under this rule, the defense of waiver could be foreclosed. In fact, the contrary was clearly stated. The same may logically be said of the very similar defense of laches. Although the timeliness of the petition was a factor properly to be taken into consideration at the hearing, it was not properly put into issue by the motion to dismiss, because it was not determinable without an evidentiary hearing. The motion should have been regarded as an answer of waiver or laches which, under the holding of *Langley; Richardson, supra,* the petitioner would have had to litigate against, notwithstanding that Ind. R. Tr. P. 8 (c) would place the burden of proof upon the State.

The judgment of the trial court is reversed. The cause is hereby remanded and the trial court is instructed to overrule the motion to dismiss and to grant a hearing upon the petition for post conviction relief.

Givan, C.J. and Arterburn, DeBruler and Hunter, JJ., concur.

NOTE.—Reported at 335 N.E.2d 623.