Charles Wesley BAKER, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 579S131.

Supreme Court of Indiana.

May 7, 1980.

Michael T. Conway, Indianapolis, for appellant.

Theodore L. Sendak, Atty. Gen., Richard Albert Alford, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

This is an appeal from the denial of post conviction relief. Petitioner (Appellant) was convicted of first degree murder in a trial by jury and sentenced to life imprisonment. His conviction was affirmed by this Court. *Baker v. State*, (1966) 248 Ind. 85, 221 N.E.2d 432. On appeal from the denial of his petition for post conviction relief, he presents the following issues:

(1) Whether petitioner was adequately represented by trial counsel.

(2) Whether there had been an undisclosed agreement between the State and one of its witnesses.

█ At the outset, we note that a petitioner in a postconviction proceeding has the burden of proving his grounds for relief by a preponderance of the evidence. Post Conviction Rule 1, Section 5. It is the responsibility of the judge hearing the petition to weigh the evidence and judge the credibility of the witnesses; his determination, denying relief, will be reversed only where the evidence is without conflict and leads unerringly to a result other than that reached by the trial court. *Roberts v. State*, (1975) 263 Ind. 53, 324 N.E.2d 265.

\* \* \* \* \* \*

### ISSUE I

█ Petitioner contends that the post conviction hearing judge erred in ruling that he was adequately represented by trial counsel. Petitioner cites numerous examples purporting to show inadequate counsel but, before we examine each, we should be mindful of the appropriate standard of review of this issue. An attorney is presumed to have rendered competent representation and only clear and convincing evidence to the contrary will rebut this presumption. *Robertson v. State*, (1974) 262 Ind. 562, 319 N.E.2d 833. "Isolated poor strategy, bad tactics, a mistake, carelessness, or inexperience does not necessarily amount to ineffective counsel unless, taken as a whole, the trial was a mockery of justice." *Blackburn v. State*, (1973) 260 Ind. 5, 22, 291 N.E.2d 686, 696.

█ Petitioner first argues that we should follow the steps of the Seventh Circuit Federal Court of Appeals which, in the case of *United States ex rel. Williams v. Twomey*, (7th Cir. 1975) 510 F.2d 634, abandoned the "mockery of justice" standard in favor of the "minimal professional competence test." We have repeatedly declined to abandon the "mockery of justice" standard. See, *e. g., Crisp v. State*, (1979) Ind., 394 N.E.2d 115.

Petitioner's trial by jury for the 1963 murder of a gasoline station attendant occurred in 1964. His conviction was affirmed by this Court in 1966. On January 4, 1978, he filed his petition for post-conviction relief.

Petitioner first cites his trial counsel's failure to initiate any pre-trial discovery motions. Petitioner does not specify how he was thereby prejudiced but merely argues that such failure was an indicia of his counsel's general unpreparedness. He also alleges that he had certain alibi witnesses which his trial counsel failed to utilize. Neither his petition nor his post conviction testimony revealed what these witnesses would have stated on the witness stand. In any event, the petitioner must show that his case was prejudiced by a failure to call a witness. *Crisp v. State*, id. at 120. The post-conviction hearing judge examined the testimony of petitioner given at his murder trial, and concluded that this testimony did not leave open any possibility that there could have been any alibi witnesses.

Petitioner next contends that he saw his attorney only twice (for a total time of less than forty minutes), that counsel never wrote or visited him at the Indiana State Prison, and that counsel never responded to his letters. Petitioner presented no proof of these allegations other than his own testimony. The State did not attempt to rebut these unsubstantiated assertions, presumably because trial counsel had died almost fifteen years earlier.[1] However, petitioner has failed to show how such actions of his trial counsel, if true, prejudiced him.

Petitioner also alleges that counsel's conduct during trial was less than adequate, in that he objected only occasionally. His arguments are general in nature and he fails to cite specific examples which would show that he was prejudiced. We note that counsel did conduct cross-examination and

---

1. The State argues that the doctrine of laches should apply, citing *Frazier v. State*, (1975) 263 Ind. 614, 335 N.E.2d 623. However, a defense of laches should have been asserted, if applicable, in response to the petition for post conviction relief. The State cannot assert it for the first time at the appellate level because petitioner must be afforded the opportunity to rebut the same. See, *Frazier v. State, id.; Langley v. State*, (1971) 256 Ind. 199, 267 N.E.2d 538.

gave a lengthy and passionate defense of his client during closing arguments to the jury.

Petitioner further contends that his trial counsel erred in bringing his juvenile record into evidence despite that the State was prohibited from doing so by our decision in *Ashton v. Anderson*, (1972) 258 Ind. 51, 279 N.E.2d 210. But that case was decided eight years after his trial. Additionally, we note that trial counsel's introduction of his client's juvenile record was apparently a matter of strategy. It is apparent from his closirng arguments that he wished to inform the jury that his client had revealed his entire criminal record and that it reflected that he had never before been involved in a serious crime, such as murder. We will not speculate as to what may have been a more advantageous strategy for the defendant. *Wynn v. State*, (1976) 265 Ind. 133, 135, 352 N.E.2d 493.

The record reflects that, although petitioner had filed a *pro se* motion for a new trial in 1964 and that his direct appeal was handled by counsel other than his trial counsel, this is the first time that petitioner has complained about the inadequacy of his trial counsel in failing to call alibi witnesses, etc. The post conviction hearing judge listened to the petitioner's testimony, examined the record of the prior proceedings, and concluded that he had been adequately represented at trial. Petitioner has presented no clear and convincing reasons to disturb that ruling.

### ISSUE II

■ Polk, an alleged accomplice, was a State's witness who testified that it was defendant (petitioner) who had committed the murder. Petitioner asserts that there was an undisclosed agreement between Polk and the State and that our decision in *Newman v. State*, (1975) 263 Ind. 569, 334 N.E.2d 684, requires reversal. In the *Newman* case, we held that an agreement of leniency made between a prosecution witness (an alleged accomplice who turns state's witness) and the State is material and that nondisclosure of such an agreement invalidates a conviction.

Petitioner asserts that his Exhibit A is evidence that there was an "implied agreement" between Polk and the Prosecutor. Exhibit A is an affidavit by Polk's attorney and reads, in pertinent part, as follows:

"2. That Joseph Polk was told by the State of Indiana through the Prosecuting Attorney for St. Joseph County, Indiana, that the State would only talk to Polk concerning leniency in these matters after Polk testified for the State against Petitioner-defendant Baker at Baker's trial.

"3. That Joseph Polk testified for the State against Petitioner-defendant Baker at Baker's trial.

"4. That after Baker's trial, Joseph Polk entered a plea of guilty to an Amended Count Three—Conspiracy to commit robbery, and the two other counts against Polk, Count One—(Accessory before the fact of murder committed in the perpetration of a robbery)—and Count Two—(Accessory after the fact of murder, committed in the perpetration of a robbery), were dismissed by the State of Indiana through the Prosecuting Attorney of St. Joseph County, Indiana."

The affidavit does not reinforce the petitioner's claim. In fact, it clearly supports the State's position that there was no agreement. Paragraph 2 discloses that the State was unwilling to plea bargain with Polk until after it heard his testimony. There was no agreement to disclose, and the jury was apprized that charges were pending against Polk in a companion case; thus it had all the information available to enable it to assess Polk's credibility in the matter. There was no error here.

The evidence and reasonable inferences to be drawn therefrom do not lead unerringly to the conclusion that the petitioner was entitled to relief sought. He has not carried his burden of proof. Accordingly, the judgment of the trial court is affirmed.

GIVAN, C. J., and DeBRULER, HUNTER and PIVARNIK, JJ., concur.