**Lonnie GREGORY, Appellant-Defendant,**

**v.**

**STATE of Indiana, Appellee-Plaintiff.**

**No. 4–483A115PS.**

Court of Appeals of Indiana,
Fourth District.

Dec. 14, 1983.

Rehearing Denied Jan. 16, 1984.

Lonnie Gregory, pro se.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee-plaintiff.

CONOVER, Presiding Judge.

Lonnie Gregory (Gregory) appeals the Marion Superior Court's denial of his petition for post-conviction relief.

We affirm.

ISSUE

Is Gregory's Petition for Post-Conviction Relief barred for unreasonable delay?

FACTS

On February 21, 1974, Gregory pled guilty to entering to commit burglary. More than 8 years after his guilty plea, Gregory filed his post-conviction relief petition on September 21, 1982. The State's answer raised "the affirmative defense of laches." At the hearing on the petition, the State neither presented evidence nor cross-examined Gregory. Instead, it rested on its pleadings after stating Gregory had the burden of showing the reasonableness of his delay in filing his petition. At the hearing Gregory presented no evidence on the reason for the delay. He did, however, file an affidavit with his motion to correct errors, stating he "did not discover until late 1982

that [he] could attack the guilty plea nor had grounds to attack the plea."

DISCUSSION AND DECISION

We use the abuse of discretion standard to review a trial court's application of the doctrine of laches to a post-conviction case. *Frazier v. State*, (1975) 263 Ind. 614, 617, 335 N.E.2d 623, 625; *Twyman v. State*, (1983) Ind.App., 452 N.E.2d 434, 440; *Hernandez v. State*, (1983) Ind.App., 450 N.E.2d 93, 94. Where the State raises laches, the post-conviction petitioner must explain his delay in filing, even though laches is an affirmative defense. *Frazier*, 263 Ind. at 615, 335 N.E.2d at 624; *Langley v. State*, (1971) 256 Ind. 199, 211, 267 N.E.2d 538, 545; *Twyman*, 452 N.E.2d at 440; *Hernandez*, 450 N.E.2d at 94.

The question thus far unanswered is what conduct constitutes "raising" laches. Black's Law Dictionary, Revised Fourth Edition, at 1425 defines "raise an issue" as follows:

To bring *pleadings* to an issue; to have the effect of producing an issue between the parties pleading in an action. (Emphasis added.)

Furthermore, Ind.Rules of Procedure, Trial Rule 15(B) demonstrates issues are raised by the pleadings. Finally, our appellate courts have repeatedly referred to issues as being raised by the pleadings. *State v. Fair*, (1983) Ind., 450 N.E.2d 66, 69; *Criss v. Bitzegaio*, (1981) Ind., 420 N.E.2d 1221, 1225; *Peoples Trust & Savings Bank v. Humphrey*, (1983) Ind.App., 451 N.E.2d 1104, 1110. Therefore, we must apply our supreme court's admonitions in *Langley* and *Frazier* to post-conviction relief cases in which the State *pleads* laches.

Where the defense of waiver [e.g. laches] is raised [by the pleadings], a petitioner must then present some substantial basis or circumstance which would satisfactorily mitigate his failure to pursue or perfect a remedy through normal channels.

*Frazier*, 263 Ind. at 615, 335 N.E.2d at 624; *Langley*, 256 Ind. at 211, 267 N.E.2d at 545.

This language does not require the State to make a *prima facie* showing of

laches. Once the State raises laches in its pleadings, the post-conviction petitioner must disprove laches. He must show (1) the delay in filing was excusable; (2) he did not knowingly acquiesce in existing conditions; and (3) the State was not prejudiced by the delay. This is consistent with our supreme court's statement a post-conviction petitioner is not insulated from a State-sponsored inquiry into the laches issue. *Frazier,* 263 Ind. at 615, 335 N.E.2d at 624; *Langley,* 256 Ind. at 206, 267 N.E.2d at 542.

This is the result our supreme court intended, notwithstanding Ind. Rules of Procedure, Trial Rule 8(C). That trial rule says the party raising the specified affirmative defenses such as laches has the burden of proving the defense, unless

> The burden of proof imposed by this or any other provision of these rules is subject to the rules of evidence . . . fixing a different rule.

T.R. 8(C). The supreme court in *Frazier* adopted a rule of evidence which changed the burden of proof requirement in PC 1 cases where the State raises the laches defense. Discussing burden of proof in such cases, Justice Prentice said

> The motion should have been regarded as an answer of waiver or laches which, under the holding of *Langley; Richardson (supra)* the petitioner would have had to litigate against, *notwithstanding* that *Civil Trial Rule 8(C) would place the burden of proof upon the State.* (Emphasis supplied.)

*Frazier,* 263 Ind. at 618, 335 N.E.2d at 625. This language explicitly removes post-conviction cases from the ambit of T.R. 8(C).

■ Hence, because the State affirmatively pled laches, Gregory had the burden of presenting a substantial basis or circumstance to explain the delay. Gregory failed to do so at the evidentiary hearing. He, however, attached to his motion to correct errors an affidavit under Ind.Rules of Procedure, Trial Rule 59(H)(1), which reads as follows:

> When a motion to correct errors is based upon evidence outside the record, the motion shall be supported by affidavits showing the truth of the grounds set out in the motion and the affidavits shall be served with the motion.

Gregory presented no reason for the filing delay at the evidentiary hearing. Thus, his affidavit is not properly before this court as evidence outside the record.

■ However, we note in passing and in furtherance of judicial economy, the explanation Gregory offers in that affidavit does not demonstrate the trial court abused its discretion by not finding his lack of knowledge to be a substantial basis to mitigate his failure to perfect a remedy through the normal procedural channels. Alleging lack of knowledge of post-conviction remedies is not sufficient to meet the burden a petitioner carries under our supreme court's decisions in *Frazier* and *Langley.*

Our First District recently summarized circumstances similar to Gregory's as follows:

> In this case, unlike *Frazier* and *Stutzman,* the trial court did hold a hearing on Twyman's petition for post conviction relief. He was not denied an opportunity to explain the delay in filing his petition. The burden of proof in a post conviction proceeding is upon the petitioner to prove the grounds asserted for relief by a preponderance of the evidence. *Baker* [*v. State* (1980) Ind., 403 N.E.2d 1069]; *Rinard v. State,* (1979) 271 Ind. 588, 394 N.E.2d 160. Although laches is an affirmative defense, *Hernandez; Stutzman,* our cases indicate that once the defense is raised by the state, the petitioner must explain his delay in filing. *Baker; Hernandez; Stutzman.*

*Twyman,* 452 N.E.2d at 440.

■ Finally, Gregory argues laches cannot apply to his case because his conviction is void, and laches cannot bar a challenge to a void conviction, citing *State v. Lindsey,* (1952) 231 Ind. 126, 106 N.E.2d 230. Gregory correctly asserts a void judgment can be attacked at any time. However, Gregory concedes his conviction is merely voidable, not void. "[T]he judgment is void because the guilty plea is voidable." Appellant's

brief at 18. "The guilty plea in the present case is void and/or voidable." Appellant's brief at 19. "[W]hile the defendant could attack the constitutional validity of a prior guilty plea, the conviction was merely voidable.... " Appellant's brief at 20. Also, Gregory has failed to cite us any authority holding an invalid guilty plea makes the conviction void. Furthermore, post-conviction relief cases by their nature seek to challenge convictions, and our supreme court has allowed laches to be applied to post-conviction relief cases for more than ten years. *Langley, supra.*

Affirmed.

MILLER, J., concurs.

YOUNG, J., dissents with opinion.

YOUNG, Judge, dissenting.

I respectfully dissent. The whole basis for the majority's opinion is the following comment in *Frazier:*

> [W]here the defense of waiver is raised, a petitioner must then present some substantial basis or circumstance which would satisfactorily mitigate his failure to pursue or perfect a remedy through the normal channels.

263 Ind. at 615, 335 N.E.2d at 624 (citing *Langley v. State,* (1971) 256 Ind. 199, 267 N.E.2d 538). This statement hardly supports the majority's holding that, when laches is pleaded, the petitioner must prove not only that his delay was excusable but also that he did not knowingly acquiesce in existing conditions *and* that the State was not prejudiced by the delay. None of the decisions cited by the majority takes such an extreme view of what one seeking post-conviction relief must prove.

Further, the majority's holding goes beyond requiring the petitioner to disprove laches. Laches has been held to have three elements: (1) inexcusable delay in asserting a right; (2) implied waiver arising from knowing acquiescence in existing conditions; and (3) circumstances causing prejudice to the adverse party. *Turner Transportation, Inc. v. Indiana Employment Security Board,* (1983) Ind.App., 448 N.E.2d

300; *State ex rel. Crooke v. Lugar,* (1976) 171 Ind.App. 60, 354 N.E.2d 755. Thus, to disprove laches, it is only necessary to disprove *one* of these crucial elements. *Cf. Green v. State,* (1982) Ind., 438 N.E.2d 266 (burden of disproving self-defense only requires the State to disprove one element of the defense). The majority, however, would require the petitioner to disprove *all* the elements of laches. This holding will entitle the State to dismissal based on laches whenever a petitioner knowingly delays in seeking post-conviction relief, even though the petitioner has a good excuse for delaying and the State was not prejudiced thereby. Such a rule misconstrues the cases the majority cites and radically distorts the traditional doctrine of laches.

I see no reason for treating the defense of laches differently here than in any other civil case. Thus, notwithstanding the majority's assertion to the contrary, I do not believe the supreme court in *Frazier* has "explicitly removed post-conviction cases from the ambit of T.R. 8(C)." The pertinent language in *Frazier* is as follows:

> The motion should have been regarded as an answer of waiver or laches which, under the holding of *Langley; Richardson (supra)* the petitioner would have had to litigate against, notwithstanding that Civil Trial Rule 8(C) would place the burden of proof upon the State.

263 Ind. at 618, 335 N.E.2d at 625. This seems to me a clear statement that T.R. 8(C) would have placed the burden of proof on the State if the trial court in *Frazier* had granted a hearing rather than summarily dismissing the petition.

I would accordingly hold that we may affirm a trial court's finding of laches only where the State has made a prima facie showing that the petitioner knowingly slept on his rights for an unreasonable time and that the State was prejudiced by the delay. I am aware that such a holding would be contrary to the decisions in such cases as *Twyman v. State,* (1983) Ind.App., 452 N.E.2d 434 and *Stutzman v. State,* (1981) Ind.App., 427 N.E.2d 724, which indicate that when the State proves a delay has

occurred, the petitioner must show a reasonable excuse for the delay or suffer dismissal. These decisions rely on the supreme court's statement in *Frazier,* quoted above, to the effect that when the defense of laches is raised the petitioner must show some excuse for his delay. I do not believe, however, that this statement should be interpreted as placing on the petitioner the initial burden of pleading and proving due diligence—a result expressly rejected in *Frazier.* 263 Ind. at 615, 335 N.E.2d at 624; *see also Langley v. State,* (1971) 256 Ind. 199, 211, 267 N.E.2d 538, 545. Rather, I believe the petitioner's duty to present facts "which would satisfactorily mitigate his failure" to seek relief promptly arises only after the State has made a prima facie showing of laches, thereby shifting the burden of going forward to the petitioner. If the State is held to any lesser burden of proof, "the ultimate burden of persuasion would, for all intents and purposes, be shifted to the petitioner." 4A B. BAGNI, L. GIDDINGS & K. STROUD, INDIANA PRACTICE § 282 (1979).

In this case, Gregory did not seek postconviction relief until eight years after he pled guilty. From the length of this delay, it might arguably be inferred that the State was prejudiced. The State made no showing, however, that Gregory knowingly slept on his rights, acquiescing in existing conditions. Absent proof of this crucial element, the trial court had insufficient evidence to support its finding of laches. *See State ex rel. Crooke v. Lugar, supra.* Further, the record of Gregory's guilty plea hearing shows the court failed to advise him that the court was not a party to Gregory's plea agreement and was not bound thereby. This violation of Ind.Code 35–4.1–1–3 requires that Gregory's guilty plea be vacated. *Early v. State,* (1983) Ind., 454 N.E.2d 416. I would accordingly reverse and remand with instructions to vacate Gregory's guilty plea.