**Roger D. BOYKINS, Appellant**
**(Defendant Below),**

v.

**STATE of Indiana, Appellee**
**(Plaintiff Below).**

**No. 4–483A108.**

Court of Appeals of Indiana,
Fourth District.

Dec. 14, 1983.

John Richard Walsh, II, Anderson, for appellant.

Linley E. Pearson, Atty. Gen., Jay R. Rodia, Deputy Atty. Gen., Indianapolis, for appellee.

CONOVER, Presiding Judge.

Roger D. Boykins (Boykins) appeals the Madison Circuit Court's denial of his petition for post-conviction relief.

We remand.

## ISSUE

Does laches bar Boykins's Petition for Post-Conviction Relief?

## FACTS

More than six years after pleading guilty to Theft, Boykins filed his petition for post-conviction relief under Ind. Rules of Procedure, Post Conviction Rule 1, claiming his plea was not entered knowingly, voluntarily, and intelligently. The State answered each of the allegations in the petition and asserted the affirmative defense of laches. After holding a hearing on the petition, the trial court denied the petition on the merits without addressing the State's laches defense. At the hearing on the petition, neither party presented substantial evidence on the laches issue. Rather, the State merely reminded the court the State had raised the defense.

## DISCUSSION AND DECISION

▮ Our appellate courts have recognized the defense of laches applies to post-conviction relief cases. *Frazier v. State,* (1975) 263 Ind. 614, 335 N.E.2d 623; *Langley v. State,* (1971) 256 Ind. 199, 267 N.E.2d 538. Our supreme court went on to say:

> Where the defense of waiver [e.g. laches] is raised, a petitioner must then present some substantial basis or circumstance which would satisfactorily mitigate his failure to pursue or perfect a remedy through normal channels.

*Frazier,* 263 Ind. at 615, 335 N.E.2d at 624; *Langley,* 256 Ind. at 211, 267 N.E.2d at 545. *See also, Twyman v. State,* (1983) Ind.App., 452 N.E.2d 434, 440 and *Hernandez v. State,* (1983) Ind.App., 450 N.E.2d 93, 94. Based on this language the State in this case has raised laches. Thus, the burden was placed on Boykins to disprove laches.

Laches in this case was "raised" by the pleadings. Black's Law Dictionary, Revised Fourth Edition, at 1425 defines "raise an issue" as follows:

> To bring *pleadings* to an issue; to have the effect of producing an issue between the parties pleading in an action. (Emphasis added.)

Furthermore, Ind.Rules of Procedure, Trial Rule 15(B) demonstrates issues are raised by the pleadings. Finally, our appellate courts have repeatedly referred to issues as being raised by the pleadings. *State v. Fair,* (1983) Ind., 450 N.E.2d 66, 69; *Criss v. Bitzegaio,* (1981) Ind., 420 N.E.2d 1221, 1225; *Peoples Trust and Savings Bank v. Humphrey,* (1983) Ind.App., 451 N.E.2d 1104, 1110. Therefore, we must apply our supreme court's admonitions in *Langley* and *Frazier* to post-conviction relief cases in which the State *pleads* laches.

▮ Once the State raises laches in its pleadings, the postconviction petitioner must disprove laches. He must show (1) the delay in filing was excusable; (2) he did not knowingly acquiesce in existing conditions; and (3) the State was not prejudiced by the delay. *Turner Transportation Inc. v. Indiana Employment Security Board,* (1983) Ind.App., 448 N.E.2d 300; *City of Indianapolis v. Sherman,* (1980) Ind.App., 409 N.E.2d 1202; *State ex rel. Crooke v. Lugar,* (1976) 171 Ind.App. 60, 354 N.E.2d 755. This is consistent with our supreme court's statement a post-conviction petitioner is not insulated from a State-sponsored inquiry into the laches issue. *Frazier,* 263 Ind. at 615, 335 N.E.2d at 624; *Langley,* 256 Ind. at 206, 267 N.E.2d at 542.

This is the result our supreme court intended, notwithstanding Ind.Rules of Procedure, Trial Rule 8(C). That trial rule says the party raising the specified affirmative defenses such as laches has the burden of proving the defense, unless

> The burden of proof imposed by this or any other provision of these rules is subject to the rules of evidence ... fixing a different rule.

T.R. 8(C). The supreme court in *Frazier* adopted a rule of evidence which changed the burden of proof requirement in P.C.R. 1 cases where the State raises the laches defense. Discussing burden of proof in such cases, Justice Prentice said

> The motion should have been regarded as an answer of waiver or laches which, under the holding of *Langley; Richardson [v. State* (1971) 256 Ind. 199, 267

N.E.2d 538] (*supra*) the petitioner would have had to litigate against, *notwithstanding* that *Civil Trial Rule 8(C) would place the burden of proof upon the State.* (Emphasis supplied.)

*Frazier,* 263 Ind. at 618, 335 N.E.2d at 625. This language explicitly removes post-conviction cases from the ambit of T.R. 8(C).

 Once the State affirmatively pled laches, Boykins had the duty to present a substantial basis or circumstance to explain his delay in seeking post-conviction relief. Boykins failed to disprove laches when given the opportunity to do so at the evidentiary hearing on his petition. *Cf. Twyman,* 452 N.E.2d at 440. Nevertheless, we remand to allow the trial court to consider the laches issue and enter such judgment as it deems appropriate on that issue.

Remanded.

MILLER, J., concurs.

YOUNG, J., dissents with opinion.

YOUNG, Judge, dissenting.

I respectfully dissent. First, because T.R. 8(C) places the burden of proving laches on the State, I believe the burden of presenting some excuse shifts to the petitioner only after the State has made a prima facie showing of the elements of laches. Further, even if laches could be "raised" merely by pleading it, *Frazier* only requires the petitioner to present some excuse for his delay, with no further requirement that he disprove the remaining elements of laches. Thus, the majority's opinion goes far beyond the decisions on which it relies. In this case, the State did not make a prima facie showing of any of the elements of laches. Absent such evidence, the trial court could not find that laches barred Boykins' petition. Moreover, the State admits the court hearing Boykins' guilty plea erred in failing to advise him that, by pleading guilty, he waived the constitutional rights enumerated in Ind.Code 35–4.1–1–3. I would accordingly reverse and remand with instructions to vacate Boykins' guilty plea.