Lonnie GREGORY, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 4–483A115PS.
584S202PS.

Supreme Court of Indiana.

May 29, 1984.

Lonnie Gregory, pro se.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

This cause is before us upon the petition of Gregory, the Appellant, to transfer it from the Court of Appeals, Fourth District, that court having decided the matter by a decision and opinion published at 456 N.E.2d 1072 (Young, J., dissenting).

The aforesaid decision, holding that a petitioner in a proceeding under Post Conviction Rule 1 has the burden of disproving laches once the State raises the defense by pleading, contravenes ruling precedent of this Court, i.e. *Frazier v. State*, (1975) 263 Ind. 614, 335 N.E.2d 623 and *Twyman v. State*, (1984) Ind., 459 N.E.2d 705. Transfer is, therefore, granted and said decision and opinion of the Court of Appeals is now ordered vacated.

On February 21, 1974, Gregory was convicted, upon his plea of guilty, of entering to commit burglary. On September 21, 1982, he filed his petition for post conviction relief in the trial court. The State filed an affirmative answer, alleging laches in view of Gregory's delay in excess of eight years in seeking post conviction relief.

At the hearing upon his petition, Gregory merely identified himself and introduced the record of the guilty plea hearing, thereby making a prima facie case for relief. The State did not cross-examine him, and he rested his case offering no further evidence. The State thereupon rested without offering any evidence.

The Findings of Fact and Conclusions of Law reveal that the trial court denied Gregory's petition upon the basis of laches, inferred from the delay in seeking relief, concerning which no evidence had been presented.

Finding # 9: "This case is alleged to have occurred on January 20, 1974, approximately nine years ago; causing a retrial of a case [of] such age would obviously result in prejudice to the adversary, in this case the State of Indiana, including the obvious difficulty of finding the witnesses and of dealing with the problem of the witnesses' memory of the events (even if the witnesses were located) in a case which occurred approximately nine years ago."

\*     \*     \*     \*     \*     \*

Finding # 11: "According to *Stutzman v. State* (Ind.App.1981) 427 N.E.2d 724, the burden of offering an adequate excuse for delay is on the Petitioner; this Court finds that Petitioner has not met his burden for offering an adequate excuse for his delay in this case and that

the evidence fails to make any reasonable showing for the delay."

Conclusions of Law: "1. The law is with the State and against the Petitioner.

"2. Petitioner is guilty of inexcusable delay which, under the circumstances, amounts to waiver.

"3. Petitioner has failed to meet his burden of proof for offering an adequate excuse for the delay."

At the time the Court of Appeals affirmed the judgment herein, *Twyman v. State*, (1983) Ind.App., 452 N.E.2d 434, was pending in this Court on Twyman's Petition to Transfer. This appeal was decided by the Court of Appeals in conformity with its decision in *Twyman* and earlier cases, and its interpretation of our decision in *Frazier v. State*, (1975) 263 Ind. 614, 335 N.E.2d 623. Thereafter, however, we granted transfer in *Twyman* (DeBruler, J., dissenting on another issue), vacated the Court of Appeals opinion and reversed the trial court. Chief Justice Givan, for the majority, wrote:

> "*Thus, before the petitioner's claim for relief may be denied, based on the doctrine of laches, the State must affirmatively plead the defense in its responsive pleading. It is then required to prove the defense by a preponderance of the evidence.* In the case at bar the State's answer in part reads: 'The State answers that the issues raised in rhetorical paragraphs 8(a) have been waived as grounds for post-conviction relief since they have been available to Petitioner since July 29, 1974.' Assuming this to be an adequate pleading of the affirmative defense, *the State's proving this delay at trial would not by itself support a finding that laches applied. Frazier v. State*, (1975) 263 Ind. 614, 335 N.E.2d 623."

\*  \*  \*  \*  \*  \*

> "In the case at bar, the Court of Appeals said: 'Although laches is an affirmative defense ..., our cases indicate that once the defense is raised by the state, the petitioner must explain his delay in filing,' *citing Stutzman v. State*, (1981)

Ind.App., 427 N.E.2d 724, and *Baker v. State*, (1980) 273 Ind. 304, 403 N.E.2d 1069. The portion of *Stutzman* evidently supporting this position is in error: 'The burden to offer an adequate excuse or reasonable showing for the delay was on Stutzman,' *Stutzman, supra*, at 727, *citing Frazier, supra*. In *Baker* we said the petitioner had the burden of proving relief was merited, but no reference whatever was made to which party carried the burden of proving the affirmative defense of laches. Laches was not an issue in *Baker*.

> "*We hereby overrule Stutzman and all cases following it on this subject. The law in Indiana is still that once the State raises the affirmative defense of laches in a post-conviction relief proceeding the petitioner is entitled to an evidentiary hearing upon the issue, before the judge may find laches applies. The burden of proving the defense rests entirely upon the State. The petitioner may prove evidence to negate the State's evidence, but this in no way shifts the onus to the petitioner to disprove laches.*

> "The post-conviction court erred in denying appellant relief under the doctrine of laches on the basis that eight years had passed since the claim for relief first became available to him."

*Twyman v. State*, (1983) Ind. 459 N.E.2d 705, 711–12 (Emphasis ours).

Our decision here is controlled by *Twyman*. The judgment of the trial court is reversed and the case is remanded with instructions to grant Gregory a new trial upon his petition.

GIVAN, C.J., and HUNTER and DEBRULER, JJ., concur.

PIVARNIK, J., dissents.