**Chester L. MORRISON, Appellant (Petitioner Below),**

v.

**STATE of Indiana, Appellee (Respondent Below).**

**No. 2-983A332.**

Court of Appeals of Indiana, Second District.

Aug. 9, 1984.

Susan K. Carpenter, Public Defender, Melanie C. Conour, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

SULLIVAN, Judge.

Petitioner, Chester Morrison, appeals from the denial of his petition for post-conviction relief, pursuant to Indiana Rules of Procedure, Post Conviction Rule 1. He assigns as error the post-conviction court's determination that:

(1) His petition was barred by laches; and

(2) His 1974 guilty plea was entered knowingly, intelligently, and voluntarily.

On May 14, 1974, Chester Morrison (Morrison) pled guilty to a charge of first degree burglary. Pursuant to a plea agreement, he was sentenced to 364 days to be served at the Indiana State Farm. Eight years later, in 1982, Morrison was convicted of voluntary manslaughter. Subsequently, the trial court determined that Morrison was a habitual offender and enhanced his sentence accordingly. Morrison's 1974 first degree burglary conviction was one of the felonies upon which the trial court based its determination that Morrison was a habitual offender. Morrison now challenges the lower court's ruling denying his petition for post-conviction relief. He asserts that his 1974 guilty plea was not given intelligently, voluntarily, or knowingly because the trial court, at that time, did not specifically advise him of his right to a "speedy and public" trial. In addition, Morrison contends that although the trial court informed him of the State's burden of proof on each element of the charged offense, he was not informed of the standard of proof beyond a reasonable doubt, and therefore, did not knowingly or intelligently enter his plea of guilt. Finally, he disputes the post-conviction court's finding of laches.

The post-conviction court ruled:

"1. The law is with the State of Indiana and against the Petitioner.

2. The Petitioner has failed to meet his burden of proof as to the allegation in his Petition.

3. The Petitioner's plea of guilty was entered knowingly, intelligently and voluntarily.

4. Petitioner's grounds for relief are barred by the Doctrine of Latches [sic] since they have been available to him since May 28, 1974.

WHEREFORE, it is Ordered, Adjudged, and Decreed that The Petitioner's Petition and Amended Petition for Post-Conviction Relief should be and are hereby denied." Record at 81.

I.

LACHES

Morrison contends that the post-conviction court erred in determining that his petition was barred by laches because the trial court did not place the burden of proof upon the State to establish a *prima facie* case of laches; consequently, the State did not meet its burden of proof to show each of the elements of laches. He further argues that, in any event, his eight year delay in attacking the validity of his 1974 conviction is not unreasonable because he was unaware of the availability of post-conviction relief until his incarceration in 1982. Finally, he contends that the setting aside of his 1974 conviction would not be prejudicial to the State, even in a habitual criminal proceeding which is based, in part, upon the prior conviction, because he has already served his sentence upon the prior conviction.

A.

BURDEN OF PROOF

The law, as it regards the burden to prove or disprove laches in a post-conviction proceeding, has undergone a substantial modification and clarification since the post-conviction court herein ruled that Morrison was guilty of laches. Prior to our Supreme Court's recent decision in *Twyman v. State* (1984) Ind., 459 N.E.2d 705, there were several Court of Appeals deci-

sions which held that the state need only raise laches as a defense in a post-conviction proceeding to shift to the petitioner the burden of disproving either one or all of the elements of laches. Thus, a petitioner's failure or inability to negate one or all of the elements of laches served as a bar to review of his petition on the merits. Although laches is an affirmative defense, requiring the asserting party to prove each of the elements, the post-conviction proceeding became an apparent exception to the rule. *See, e.g., Gregory v. State* (4th Dist.1983) Ind.App., 456 N.E.2d 1072; *Boykins v. State* (4th Dist.1983) Ind.App., 456 N.E.2d 1079; *Twyman v. State* (1st Dist. 1983) Ind.App., 452 N.E.2d 434; *Hernandez v. State* (3d Dist.1983) Ind.App., 450 N.E.2d 93; *Stutzman v. State* (3d Dist. 1981) Ind.App., 427 N.E.2d 724. *Twyman v. State, supra,* 459 N.E.2d 705, has overruled this line of cases insofar as they purport to shift the burden of proof on the issue of laches to the petitioner for negation thereof. The court stated:

"The law in Indiana is still that once the State raises the affirmative defense of laches in a post-conviction relief proceeding the petitioner is entitled to an evidentiary hearing upon the issue, before the judge may find laches applies. *The burden of proving the defense rests entirely upon the State.* The petitioner may prove evidence to negate the State's evidence, but this in no way shifts the onus to the petitioner to disprove laches." (Emphasis supplied) *Id.* at 712.

This holding was confirmed most recently in *Gregory v. State* (1984) Ind., 463 N.E.2d 464. It is quite clear that if the State, in a post-conviction proceeding, wishes to preclude a review upon the merits of an allegedly invalid prior conviction, by asserting laches, the State must not only raise the issue, but must establish a *prima facie* case by proof of each of the elements of laches.

Our Supreme Court has defined laches as follows:

"[L]aches is the neglect for an unreasonable length of time, under circumstances permitting diligence, to do what in law should have been done. It is an implied waiver arising from knowledge of existing conditions and an acquiesence in them, the neglect to assert a right, as taken in conjunction with the lapse of time, more or less great, and other circumstances causing prejudice to the other party and thus operating as a bar in a court of equity." (Citations omitted.) *Frazier v. State* (1975) 263 Ind. 614, 335 N.E.2d 623, 624.

As has often been stated, the lapse of time, in and of itself, does not constitute laches. Other elements must be considered in the determination, among these, the reasonableness of the delay and prejudice, if any, to the adverse party. *Twyman v. State, supra,* 459 N.E.2d 705, 712.

Turning to the facts of this case, we must agree with Morrison that the State failed to meet its initial burden of proof on the elements of laches. The state raised the defense and, as required by *Twyman,* the post-conviction court held an evidentiary hearing on the matter. At the hearing, the only evidence which was presented to demonstrate laches was the lapse of eight years and, as we have stated, the lapse of time is not of itself sufficient. Although it may be inferred, from the length of time Morrison neglected to assert his right, that the delay was unreasonable, absent evidence to the contrary, a literal reading of *Twyman* compels the conclusion that even an unreasonable delay will not allow the court to find laches unless the State shows, in addition, "other circumstances causing prejudice." The State presented no evidence of circumstances causing prejudice. Thus, it failed to establish a *prima facie* case of laches such as would preclude a review of Morrison's petition on the merits. This conclusion requires that we reverse the post-conviction court's finding of laches. Because the law has recently changed regarding the burden of proof, we remand for rehearing on the issue of laches. However, for possible guidance with respect to the proceedings upon remand, we will consider Morrison's

assertions which are directed toward rebuttal of *prima facie* showing of laches.

## B.

### LACK OF KNOWLEDGE AS REASON FOR DELAY

■ Morrison contends, albeit in a somewhat obscure manner, that his delay in seeking post-conviction relief from his 1974 conviction was not unreasonable because he did not know of the availability of post-conviction relief until his incarceration upon the 1982 conviction and because he had no counsel, in the interim, to assist him in this matter. This argument must fail, for where the circumstances are such as to put a person on inquiry, and the means of ascertaining the truth are readily available if inquiry is made, the neglect or failure to inquire will charge the person with laches the same as though the facts were known. *Hutter v. Weiss* (1961) 132 Ind.App. 244, 177 N.E.2d 339, 346. *See also Safeway Stores, Inc. v. Safeway Quality Foods, Inc.* (7th Cir.1970) 433 F.2d 99. Certainly the conviction and incarceration of one who thought his rights to have been violated constitutes such circumstance as would put that one on inquiry as to means of appeal or other relief. However, there is no evidence of record that Morrison sought or inquired as to any means of relief or appeal from his 1974 conviction. To the contrary, the facts permit an inference that Morrison was satisfied with the benefit of his bargain, making no attempt to challenge it, until eight years later when the 1974 conviction adversely affected his status as a habitual offender. Moreover, there is no evidence which would show that Morrison, had he inquired about post-conviction remedies, would have found the information not readily available.

■ In a related argument, Morrison contends that the availability of counsel to assist him in seeking redress was of such limited duration (i.e., the 364 days of his first incarceration during which the services of the public defender were available) as to excuse his delay until his second incarceration in 1982. This argument does not suffice to excuse Morrison's eight year delay. Although indigent state prisoners seeking to pursue post conviction remedies are entitled to the assistance of the public defender if a proper showing of indigency is made, Ind.Rules of Procedure, P.C. 1, § 9, there is no evidence that Morrison ever sought the assistance of the public defender for purposes of post-conviction relief during the period in which he was incarcerated. Of even less merit is Morrison's claim that counsel was unavailable to him in the interim period after he completed his 1974 sentence (364 days) but before his 1982 imprisonment. By this, he must necessarily mean that the assistance of the public defender was not available—not that counsel was unavailable. This contention is unsupported and of no merit. In short, Morrison neglected to seek legal assistance while he was serving his 1974 conviction and thereafter. He has not shown an adequate excuse for the unreasonableness of his eight year delay.

■ Morrison next claims that the State could not, as a matter of law, be prejudiced by his delay because he had already fully completed his sentence for the 1974 conviction. Although we have stated that the state must present some circumstance showing prejudice, we hold, as a matter of law, that the completion of one's sentence upon a prior conviction does not necessarily negate prejudice to the State's interests. This is because the interest of the State in identifying habitual offenders has little to do with the fact that the individual may have completed a prior sentence. Rather, it is the fact of the prior conviction which is essential to the habitual offender determination.

In the event that the State on remand is unable to meet its evidentiary burden to establish laches, we think it expeditious to proceed at this time to Morrison's arguments with respect to the validity of his guilty plea rather than await the eventuality of a subsequent appeal.

## II.

### GUILTY PLEA

Morrison contends that his 1974 guilty plea, which forms a partial basis for his habitual offender status, is invalid. He argues that he did not knowingly, intelligently, or voluntarily enter his guilty plea because he was not informed of his right to a "speedy and public" trial nor of the State's burden of "proof beyond a reasonable doubt." Because the standard of proof issue is dispositive, it is the only issue which we address in this regard.

■ Our courts have repeatedly held that the trial courts must adhere to the literal mandate of I.C. 35–4.1–1–3[1] to insure that a defendant is meaningfully informed of his rights, prior to the acceptance of a guilty plea. Among these rights of which the defendant must be informed is the right to require the state to prove guilt beyond a reasonable doubt.

■ The record of Morrison's guilty plea hearing reveals that the trial court explained to Morrison that the State must bear the burden to prove his guilt on each element of the charged offense, and that Morrison was not required to present any evidence until or unless the State satisfied its burden. The record discloses that the trial court made specific efforts to insure Morrison's understanding of the State's burden of proof. However, in its discussion of the burden of proof, the court did not inform Morrison of the standard of proof in criminal cases to prove guilt "beyond a reasonable doubt." Morrison urges that this omission was fatal and therefore invalidates his guilty plea. We must agree. The language of I.C. 35–4.1–1–3 is mandatory and strictly enforced. It states:

"The court shall not accept a plea of guilty from the defendant without first addressing the defendant, and,

\*      \*      \*      \*      \*      \*

(c) Informing him that by his plea of guilty he waives his rights to a public and speedy trial by jury, to face the witnesses against him, to have compulsory process for obtaining witnesses in his favor and *to require the state to prove his guilt beyond a reasonable doubt* at trial at which the defendant may not be compelled to testify against himself." (Emphasis supplied)

Thus, the trial court erred when it failed to inform Morrison, specifically, of the State's standard of proof in the event Morrison decided to proceed to trial. *See Barfell v. State* (3d Dist.1979) Ind.App., 399 N.E.2d 377.

■ The State urges that the court's failure to specifically state the standard of proof is not fatal to the validity of Morrison's guilty plea because other evidence, such as certain written motions filed by Morrison prior to the guilty plea hearing, demonstrates his awareness of the standard of proof beyond a reasonable doubt. However, as noted previously, our Supreme Court has repeatedly held, with regard to the mandatory provisions of I.C. 35–4.1–1–3, that the petitioner must be advised by the court at the guilty plea hearing of each of the rights set forth therein; a demonstration that the petitioner was or may have been aware of these rights will not suffice. They must be stated by the trial court and the court must ascertain that the defendant knowingly, intelligently and voluntarily waives his rights. *Davis v. State* (1983) Ind., 446 N.E.2d 1317; *Early v. State* (1982) Ind., 442 N.E.2d 1071; *German v. State* (1981) Ind., 428 N.E.2d 234; *Turman v. State* (1979) 271 Ind. 332, 392 N.E.2d 483. The trial court, having failed to advise Morrison of the standard of proof, erred in accepting his guilty plea. Thus in the event that the State, upon remand, is unable to prove laches, the 1974 conviction must be reversed and Morrison's guilty plea vacated.

---

1. I.C. 35–4.1–1–3 was in effect at the time of the hearing on Morrison's guilty plea. It was repealed, effective September 1, 1982, and re-enacted in an amended form at I.C. 35–35–1–2.

However, the import of the provisions of the former act, insofar as pertinent here, remain the same.

SHIELDS, J., concurs.

BUCHANAN, C.J., concurs with opinion.

BUCHANAN, Chief Judge, concurring.

I concur solely on the basis the State failed to meet its burden of proof on the elements of laches. *See Twyman v. State*, (1984) Ind., 459 N.E.2d 705. My disposition of the case, however, would be to reverse the trial court and remand with instructions to review the merits of Morrison's petition for relief.