**Ricky Allen DAY, Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 485S129.

Supreme Court of Indiana.

Oct. 15, 1985.

Susan K. Carpenter, Public Defender, Sheila K. Zwickey, Special Asst., Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant appeals from the denial of his post-conviction relief petition.

The facts are: Appellant entered into a plea agreement with the State of Indiana on July 11, 1979, wherein he entered a plea of guilty to Robbery, a Class A felony, and received a sentence of twenty (20) years imprisonment.

On December 5, 1981, and again on February 3, 1982, appellant filed a *pro se* motion for a transcript of preliminary hearing, arraignment, guilty plea and sentencing proceedings. The court referred the matter to the Office of the State Public Defender on each occasion. In December of 1981, appellant received a letter from the Public Defender explaining the delay in responding to his request for assistance and requesting appellant to confirm in writing if he was still in need of assistance from the Public Defender. Appellant did not respond to this correspondence.

Appellant then employed private counsel and directed him to praecipe for a transcript of the guilty plea hearing. The praecipe was filed on April 5, 1982, and the transcript prepared in response to the praecipe was filed on March 29, 1983. Appellant took no further action to seek assistance in filing his petition until May 17, 1984. On May 17, 1984, the Public Defender wrote to appellant to inform him a new attorney had been assigned to his case. At the hearing on his post-conviction relief petition, appellant testified that the letter was not sent in response to any request for assistance on his part.

█ Appellant now claims he was diligent at all times and that he placed his reliance in the Public Defender. We do not find this to be the case. It appears that several times he did not respond to offers of assistance from the Public Defender's office. The State claimed the appellant was guilty of laches and the trial judge so held. The question of laches is one to be determined by the trial court in the exercise of its sound discretion. *Frazier v. State* (1975), 263 Ind. 614, 335 N.E.2d 623.

█ Although one can sympathize with the frustration an incarcerated person must feel in attempting to seek relief in the courts, he must nevertheless be charged with the responsibility of making use of the facilities at hand and in doing so in a prompt manner. In the case at bar the evidence is sufficient to justify the trial judge in holding that appellant had allowed too much time to elapse and had not promptly taken advantage of the assistance which had constantly been offered. The evidence in this record is sufficient to support the trial judge in finding that appellant was deliberately attempting to postpone his post-conviction relief effort to a time when it would be difficult to prove a case-in-chief in the event he succeeded in obtaining a new trial.

The trial court is therefore affirmed.

PRENTICE, PIVARNIK and SHEPARD, JJ., concur.

DeBRULER, J., dissents with separate opinion.

DeBRULER, Justice, dissenting.

Laches requires neglect for an unreasonable or unexplained length of time, as one of its elements. *Frazier v. State* (1975), 263 Ind. 614, 335 N.E.2d 623. Here, the passing of sixteen months from sentence to first request for assistance in securing post-conviction relief, in light of the changes occurring during that period in the law relating to guilty pleas, and in light of the fact that there is no formal duty imposed upon any authority within the criminal justice system to advise a prisoner of his post-conviction rights, was not unreasonable or unexplained. Since that first request, a continual effort was made by appellant to acquire the means to evaluate his post-conviction claims and to assert them. I certainly regard the defense of laches as a fair doctrine, and a legitimate tool of the state in defending post-conviction claims. However, in this case, as I see it, the application of the bar to post-conviction claims is not warranted by the conduct of appellant.