ROBERTSON, P.J., and RATLIFF, J., concur.

**Robert D. PERRY, Appellant**
**(Petitioner Below),**

v.

**STATE of Indiana, Appellee**
**(Respondent Below).**

**No. 2–385A92.**

Court of Appeals of Indiana,
Second District.

April 30, 1986.

Susan K. Carpenter, Public Defender, Sheila K. Zwickey, Sp. Asst., Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Marguerite M. Sweeney, Deputy Atty. Gen., Indianapolis, for appellee.

SHIELDS, Judge.

Robert D. Perry appeals the trial court's denial of his separate and several petitions for post conviction relief. Perry, in three separate petitions filed April 2, 1982, sought to set aside his following guilty plea convictions: 1) reckless driving entered August 29, 1975 in the Delphi, Indiana, Justice of the Peace Court; 2) driving under the influence of intoxicating liquor entered October 6, 1977 in the County Court Division of Carroll Circuit Court; and 3) driving with suspended license entered July 26, 1979 in the County Court Division of the Carroll Circuit Court. Perry appealed the trial court's adverse judgments on these petitions. By memorandum decision filed April 18, 1984, this court reversed the trial court's separate judgments and ordered the causes remanded for further proceedings. Upon remand additional evidentiary hearings were held after which the post-conviction court again denied Perry's petitions. Perry again appeals.

Common issues include whether the trial court erred in denying Perry's motions for change of judge and in finding his petitions barred by laches. An issue unique to Perry's attack on his justice of peace court conviction is whether he used the proper procedural mechanism to obtain the relief he seeks.

We affirm.

I.

Perry filed motions for change of judge on June 11, 1984 in each cause. The motions were filed within ten (10) days of the post-conviction relief court's receipt of the certified opinion of this court remanding the petitions for further proceedings. The post-conviction court overruled the separate motions for change of judge.

The parties first disagree on whether Perry had an automatic right to a change of judge upon remand of his causes for further proceedings. Perry argues he had such a right pursuant to Indiana Rule of Trial Procedure 76(5) which is specifically applicable under the terms of Indiana Rule of Post Conviction Relief 1, Section 5 and

generally applicable because post-conviction relief proceedings are quasi-civil in nature. Alternatively, Perry claims the record shows the bias and prejudice required by P.C. 1, § 4(b) and, accordingly, the post-conviction relief court erred in denying his requests for change of judge. The State argues P.C. 1, § 4(b), as a specific rule, takes precedence over T.R. 76(5) and hence Perry did not have an automatic right to a change of judge. It further argues Perry failed to make the requisite showing of bias and prejudice.

P.C. 1, § 4(b) reads as follows:

"Change of venue from the judge shall be granted when the petitioner files, within ten (10) days of the filing of his petition, an affidavit that the judge has a personal bias or prejudice against petitioner. The affidavit shall state the facts and the reasons for the belief that such bias or prejudice exists, and shall be accompanied by a certificate of good faith of petitioner's counsel. For good cause shown, the petitioner may be permitted to file the affidavit after the ten (10) day period. No change of venue from the county shall be granted."

While this rule is silent on whether the ten (10) day period commences anew when a new "trial" is ordered it definitely is not silent as to the procedure by which the change of judge must be sought. Whenever the change is sought and regardless of the issue of timeliness a request for a change of judge requires "an affidavit that the judge has a personal bias or prejudice against petitioner. The affidavit shall state the facts and the reasons for the belief that such bias or prejudice exists, and shall be accompanied by a certificate of good faith of petitioner's counsel." P.C. 1, § 4(b). Because of that specificity the only impact T.R. 76(5) can have is to obviate the necessity for the additional showing of good cause for requesting a change after the expiration of the initial ten (10) day-period.

■ Therefore, even within ten (10) days of the filing of a petition for post-conviction relief a petitioner does not have the automatic right to a change of judge he has in other civil proceedings in the sense it is his as a matter of right and without cause. However, within that ten (10) day period the rule is specific—the post-conviction relief judge *shall* grant the change if a sufficient affidavit and certificate are filed. Only in that sense is the change "automatic".

■ In the instant case the fact Perry re-acquired an "automatic" right to a change of judge (in the sense of automatic under P.C. 1, § 4(b)) is unavailing. The factual basis for the post-conviction relief judge's alleged bias and prejudice in Perry's affidavit is the judge's prior decisions denying Perry's petitions for post-conviction relief had been reversed on appeal. Standing alone that allegation is an insufficient factual allegation of bias and prejudice. *See Brim v. State* (1984), Ind., 471 N.E.2d 672. Furthermore, Perry's affidavit was not accompanied by the necessary good faith certificate of his counsel.

The post-conviction relief court did not err in denying Perry's change of judge requests.

## II.

Perry argues the post-conviction relief court's finding of laches is not supported by the evidence. He also argues the finding is contrary to law because laches is not a defense available to the State. His position is that due process prohibits laches barring an attack upon a conviction which either forms a basis for an habitual offender charge or is secured without the defendant being fully advised of his constitutional rights by the guilty plea court. The State counters with the argument it offered substantial probative evidence of unreasonable delay and prejudice while Perry's due process argument "is beyond the scope of the issues in this case." Appellee's brief at 10.

■ The State bore the burden of proving its affirmative defense of laches by a preponderance of the evidence. *Twyman v. State* (1984), Ind., 459 N.E.2d 705. On appeal, the post-conviction relief judge's de-

termination the State met its burden will not be disturbed unless the evidence is without conflict and inescapably leads to a conclusion contrary to that reached by the trial court. Further, in reviewing the evidence, cognizant of the fact the post-conviction relief court is the trier of fact and the sole judge of the weight of the evidence and the credibility of the witnesses, we reweigh neither. *Kimble v. State* (1983), Ind., 451 N.E.2d 302.

Perry initiated his post-conviction relief efforts April 2, 1982, attacking convictions that occurred in 1975, October 6, 1977 and July 26, 1979. Perry argues the delay, ranging from seven (7) to over two and one-half (2½) years is not unreasonable because he did not learn of the possibility and availability of post-conviction relief until 1982 at which time he took immediate action to gain relief. Further, he justifies his lack of inquisitiveness by asserting a limited mental ability. Consequently, he argues that, unlike the situation in *Morrison v. State* (1984), Ind.App., 466 N.E.2d 783, the circumstances were not such as to put him on inquiry.

In *Morrison,* this court held:

"where the circumstances are such as to put a person on inquiry, and the means of ascertaining the truth are readily available if inquiry is made, the neglect or failure to inquire will charge the person with laches the same as though the facts were known. Certainly the conviction and incarceration of one who thought his rights to have been violated constitutes such circumstances as would put that one on inquiry as to means of appeal or other relief."

466 N.E.2d at 787 (citations omitted). The issue of diligence is necessarily subjective—was the particular petitioner diligent? However, because the burden of proof of laches is upon the State the State must prove the negative—lack of diligence. Appreciating the awkwardness of proving a negative this court has implied it is reason-able to infer both that a person (petitioner) knows what reasonable inquiry would reveal as to his rights and remedies,[1] and that a person would make inquiry as to his rights and remedies if he suffers or incurs a change in his circumstances.[2] *Id.*

In *Morrison* incarceration was deemed a sufficient change in circumstances to merit inquiry. We envision other circumstances are similarly sufficient. This case presents at least one: the loss of a driver's license.

In the mobile society in which we live and with the virtual disappearance of public transportation except in the most urban areas, the inability to lawfully operate a motor vehicle certainly provides the impetus for a reasonable person to inquire concerning the propriety of, and any remedy for, the loss. These inferences of inquiry and knowledge shift the burden of going forward with evidence to rebut the reasonable inferences to the petitioner. This is exactly what Perry did at his hearings by introducing evidence of his limited mental abilities. Thus, the issue of Perry's diligence was squarely before the fact finder and in this instance resolved in favor of the State. We cannot disagree with that resolution. The trial court's findings that Perry had limited intelligence and alcoholic-affected mental capabilities is not inconsistent with its implicit finding the amount and/or degree of Perry's limitation and/or affectation were not such as to render the inferences of knowledge and inquiry unreasonable. Further, the evidence supports the implicit finding. For example, Perry had successfully passed the written Indiana driver's examination which demonstrates some level of mental competency. In addition, Perry was present in open court and was a witness on his own behalf. Accordingly, the post-conviction relief court had ample opportunity to observe him and his demonstrated abilities or lack thereof.

Perry also claims the State's evidence on prejudice is insufficient to support

1. This may be described as the inference of knowledge.

2. This is referred to as the inference of inquiry.

the post-conviction relief court's finding of laches. We disagree. In each case the State's undisputed evidence is the arresting officers have no memory of the incident. This evidence adequately supports a conclusion of prejudice.

A driving offense is unique among the criminal offenses because the arresting officer is a necessary component. Commonly, he is the only witness to the offense. Consequently, an officer without a present memory effectively negates the possibility of reprosecution. In addition, the likelihood of refreshing the officers recollection is so speculative [3] as to require evidence of the ability to refresh rather than inferring it.

The post-conviction relief court's finding of prejudice is supported by the evidence.

The post-conviction relief court did not err in determining Perry was guilty of laches.

Next Perry argues laches cannot bar an individual's remedy for an alleged violation of his constitutional rights. We first observe neither Perry's authority, *Campbell v. State* (1951), 229 Ind. 198, 96 N.E.2d 876, nor the cases cited therein, involve the laches defense or any other defense. In any event, the futility of this argument is evidenced by the long line of cases considering the merits of a laches defense to a claim the petitioner's constitutional rights were violated in the course of guilty plea proceedings. *See e.g., Gregory v. State* (1984), Ind., 463 N.E.2d 464, *Twyman v. State* (1984), Ind., 459 N.E.2d 705, *Harrington v. State* (1984), Ind.App., 466 N.E.2d 1379, *Morrison v. State* (1984), Ind. App., 466 N.E.2d 783, *Mottern v. State* (1984), Ind.App., 466 N.E.2d 488.

■ Perry also claims due process and due course of law permit a collateral attack upon convictions used to support a habitual traffic offender status regardless of laches. We disagree. That position might have

merit if the conviction were void, as opposed to voidable. A constitutionally invalid conviction in the sense of an invalid waiver based upon an inadequate advice of rights is merely voidable. *Haynes v. State* (1982), Ind.App., 436 N.E.2d 874.

### III.

Finally, Perry asserts his conviction in the justice of the peace court is invalid because a record of the guilty plea proceeding was not made. This issue is mooted by the lack of error in the post-conviction relief court's determination on the laches defense.

This fact also disposes of Perry's argument the post-conviction relief court erred in concluding the proper method for Perry to attack the subject conviction was by a P.C. 2 motion for belated appeal. The error, if any, is harmless inasmuch as relief was not available in a P.C. 1 proceeding due to laches.

Judgment affirmed.

BUCHANAN, C.J., and SULLIVAN, J., concurs.

---

**3.** The number of traffic citations and their lack of distinguishing characteristics renders the probability of refreshing an officer's recollection unlikely. Further, unlike other criminal offenses where both the State and the defense engage in extensive investigation, note and statement taking, evidence gathering and discovery, it is most probable that material does not exist that could in fact refresh the officer's memory assuming it was "refreshable".