**Charles D. GRAHAM, Appellant (Petitioner Below),**

v.

**STATE of Indiana, Appellee (Respondent Below).**

**No. 1–384A78.**

Court of Appeals of Indiana, First District.

Sept. 27, 1984.

Rehearing Denied Oct. 31, 1984.

---

Jawn J. Bauer, Bloomington, for appellant.

Linley E. Pearson, Atty. Gen. of Ind., Richard Albert Alford, Deputy Atty. Gen., Indianapolis, for appellee.

ROBERTSON, Judge.

Charles D. Graham appeals the denial of his petition for post-conviction relief. Graham's petition alleged he was improperly advised of his rights when he entered a guilty plea to charges of public intoxication, disregarding an automatic signal and driving under the influence, thereby violating the requirements of IND.CODE 35-4.-1-1-3 [1] and *Boykin v. Alabama*, (1969) 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274.

We affirm.

Graham introduced a certified copy of the docket entry related to the charges underlying his petition and an affidavit made by the court reporter. In her affidavit, the reporter stated that the only record of the guilty plea proceedings for these offenses was the docket entry. The docket entry specifies the charges against Graham, the penalties and statements to the effect that he was advised of his rights. Pursuant to a policy in the Monroe County Superior Court, the actual recording of the guilty plea proceedings was destroyed and the tape was recycled.

Graham correctly argues a docket entry is an insufficient record to support a guilty plea because it only reflects conclusions and not whether the defendant was properly advised of his rights, *e.g. Hollingshed v. State*, (1977) 266 Ind. 597, 365 N.E.2d 1215. He also correctly argues that the record must affirmatively indicate a knowing and voluntary guilty plea and that a "silent record" will not satisfy this requirement. *e.g. Barfell v. State*, (1979) Ind.App., 399 N.E.2d 377. However, Graham erroneously equates the lack of a record with a "silent record" and concludes he met his burden of proof by filing the petition for relief and introducing the "silent record".

Our supreme court addressed this issue in *Zimmerman v. State*, (1982) Ind., 436 N.E.2d 1087 and held that when the record of a guilty plea proceeding is lost, the petitioner must attempt to reconstruct the record pursuant to Ind.Rules of Procedure, Appellate Rule 7.2(A)(3)(c). The court specifically noted that the loss of a record does not require a per se vacation of a guilty plea and that a lost record is not per se the equivalent of a silent record. Therefore, although the trial court erroneously relied upon the docket entry in denying Graham's petition, it correctly denied the petition because Graham did not attempt to reconstruct the record pursuant to A.R. 7.2(A)(3)(c). *Zimmerman, supra.*

Judgment affirmed.

NEAL, P.J., and RATLIFF, J., concur.

---

1. Now IND.CODE 35-35-1-2.