**Oscar A. HELTON, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 185 S 15.**

Supreme Court of Indiana.

June 27, 1985.

Ferd Samper, Jr., Jill E. Greuling, Samper Hawkins Atz & Greuling, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Amy Schaeffer Good, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

A jury trial resulted in the conviction of appellant on Count I, Rape, a Class B felony; Count II, Criminal Deviate Conduct, a Class B felony; Counts III and IV, Child Molesting, Class C felonies; and Counts V and VI, Incest, Class D felonies.

After a finding by the court that some of the counts merged with others, appellant was sentenced to two ten (10) year sentences, five years of one sentence to merge with the other, making a total of fifteen (15) years of imprisonment.

One of the assigned errors in this cause requires reversal; therefore, the other matters will not be considered. Shortly after appellant's arrest, he was asked by Indiana State Police if he would agree to take a polygraph test. He indicated that he would be willing to do so. He then was asked to sign what is designated as a Stipulation and Agreement form which purports to be an agreement with the prosecuting attorney for the 63rd Judicial Circuit with the appellant stating that he would willingly take a polygraph test and that the results of the test could be used as evidence on behalf of the State of Indiana.

The appellant signed this agreement and the investigating Indiana State Police officer, Sergeant Samuel W. Kruse, also signed the agreement. There is no signature by the prosecuting attorney or anybody acting in his behalf. Trial counsel did not object to the admission of the polygraph examination or the results thereof into evidence. At a hearing on the Motion to Correct Error, trial counsel stated that he did not object because the waiver forms were "good and followed the statute."

Appellant now raises the question under his assignment of error that he did not have effective assistance of counsel. At the time this case was tried (May 30, 1984) the law had been established in Indiana for six years that in order for a polygraph waiver to be good it must be signed by both the defendant and a representative of the prosecuting attorney's office. *See Owens v. State* (1978), 176 Ind.App. 1, 373 N.E.2d 913. This well stated proposition of law in the *Owens* case was followed by this Court in the case of *Pavone v. State* (1980), 273 Ind. 162, 402 N.E.2d 976.

The State argues that this Court should reevaluate both the *Owens* and *Pavone* cases and several other cases that have followed this proposition of law. They argue that Sergeant Kruse of the Indiana State Police should be considered an agent of the prosecuting attorney. This specific theory was rejected by Judge Lowdermilk in *Owens, supra.* He held that the signature of the Indiana State Police officer involved in the making of the agreement on the polygraph test did not suffice for a signature of a prosecuting attorney. He correctly pointed out that for the agreement to be a valid agreement, binding on both the appellant and the State, it must be signed by each and that the signature on behalf of the State must be that of the prosecuting attorney or his representative.

Trial counsel was therefore in error when he stated that the agreement was lawful and for that reason posed no objection. In truth had he objected he should have been sustained. We make the same observation in this case that Judge Lowdermilk made in the *Owens* case, that in light of the nature of the case we cannot say that the admission of the results of the polygraph test was harmless.

The trial court is therefore reversed. The cause is remanded to the trial court for a new trial.

All Justices concur except HUNTER, J., not participating.