Jackie E. BIXLER, Appellant,

v.

STATE of Indiana, Appellee.

No. 71S00–8803–CR–332.

Supreme Court of Indiana.

April 18, 1989.

Rehearing Denied June 28, 1989.

Arvil R. Howe, South Bend, for appellant.

Linley E. Pearson, Atty. Gen., Lisa Anne McCoy, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in the conviction of appellant of Child Molesting, a Class B felony, and Child Molesting, a Class C felony. He received concurrent sentences of fourteen (14) and seven (7) years, respectively.

The facts are: In the summer of 1984, appellant drove his eleven-year-old stepdaughter T.Z. to Elkhart Creek in his camper truck. Prior to going swimming there, appellant told T.Z. to remove her clothing to keep it dry; she complied and appellant did the same. After the swim, T.Z. got in the camper and appellant took the towel, dried her back and stomach, and began fondling her breasts. He then had her lie down on a mattress in the camper and proceeded to have intercourse with her.

T.Z. testified that appellant had intercourse with her numerous times during the remainder of 1984. She also recounted an incident in early February of 1985 when as she was showering, appellant took her clothes from the bathroom and put them in his bedroom; when she went to retrieve her clothes, appellant had intercourse with her. She further testified that on her twelfth birthday, February 26, 1985, appellant had intercourse with her around 3:00 a.m. in the kitchen.

T.Z. testified that from about her twelfth birthday on, appellant had intercourse with her approximately once a week. Appellant's final interlude with T.Z. occurred April 20, 1986, shortly before the victim left home to go to a runaway shelter and then to a foster home where she lived until the time of trial.

Appellant contends the trial court erred in admitting the testimony of two "de-

praved sexual instinct" witnesses for the State. S.Z., T.Z.'s mother's younger sister, testified that appellant had engaged in oral sex and intercourse with her from the time she was age eleven until she left her sister's home at age seventeen. C.B., a friend of S.Z., testified that when she was age fifteen, appellant had intercourse with both S.Z. and herself while driving her home from a visit with S.Z.

▪ Appellant maintains the testimony of S.Z. and C.B. was improperly admitted because the acts alleged were never reduced to convictions. However, he cites no authority for his argument and thus it is waived. Ind.R.App.P. 8.3(A)(7); *Reed v. State* (1985), Ind., 479 N.E.2d 1248. Moreover, his argument is meritless. Evidence of uncharged sexual misconduct is admissible to show the accused's depraved sexual instinct. *Maynard v. State* (1987), Ind., 513 N.E.2d 641.

▪ Appellant contends the testimony of S.Z. and C.B. was inadmissible because the State failed to provide the dates of commission of the uncharged acts of sexual misconduct. Appellant fails to cite any authority in support and fails to cite us to pertinent portions of the record where the alleged error occurred; he thus has waived the issue. *Reed, supra.*

▪ As the State points out, prior to trial appellant deposed S.Z. and interviewed C.B. and thus had the opportunity to discover the dates himself. However, it would not be realistic to expect witnesses to recall the exact dates of acts perpetrated several years before trial; for this reason, the lack of precise dating goes to the weight of the testimony rather than to its admissibility. A defendant is not entitled to a more specific allegation of the date than circumstances will allow. *Clifford v. State* (1985), Ind., 474 N.E.2d 963. The testimony of S.Z. and C.B. was not rendered inadmissible due to imprecise chronology.

Appellant contends the testimony of C.B. should not have been admitted because the State failed to make her available for deposition by the defense. C.B.'s name was included on the witness list provided appellant by the State during discovery. On the day appellant was to depose C.B. along with T.Z. and S.Z., the State informed him C.B. could not be located and would not be present. Just before trial, counsel for appellant filed a motion in limine to exclude C.B.'s testimony, acknowledging he had located and interviewed her shortly before. His motion was denied, renewed at trial, and again denied.

▪ Appellant claims C.B.'s testimony should have been excluded because he was surprised that she appeared to testify. He fails to cite authority or pertinent parts of the record and thus waives this issue. *Reed, supra.* Moreover, as found by the trial court, the prosecution here withheld no information deliberately; thus exclusion was not the proper remedy. *Wiseheart v. State* (1986), Ind., 491 N.E.2d 985. Appellant had been apprised during discovery of the gist of C.B.'s testimony and alleges no surprise or inability to defend resulting from the content of C.B.'s testimony. The record reveals, in fact, that C.B. was extensively cross-examined. Absent a showing of prejudice, no reversible error is demonstrated. *Smith v. State* (1985), Ind., 475 N.E.2d 27. C.B.'s testimony was not improperly admitted.

Appellant contends the trial court erred in denying his motion for mistrial made after a witness for the State mentioned a polygraph test. S.Z., the victim's aunt, testified she reported appellant's misconduct involving her to authorities but he was never charged. A sex crimes investigator for the St. Joseph County Sheriff, Detective Sergeant Elaine Battles, who had interviewed S.Z. and C.B. as well as the victim T.Z., was asked on redirect examination why appellant had not been charged with molesting S.Z. and C.B.

She replied it was because C.B. had been reluctant to press charges. On recross, she was asked, "What about [S.Z.]?" and she responded, "No, she was most cooperative, she took a polygraph." Appellant then moved for a mistrial, citing *Williams v. State* (1978), 268 Ind. 365, 375 N.E.2d 226 for the proposition that absent a stipu-

lation, reference to a witness' polygraph test is reversible error because it lends undue credence to that witness' testimony.

Our standard of review for denial of a motion for mistrial is whether the trial court abused its discretion such that the accused was harmed and thereby subjected to grave peril. *Reese v. State* (1983), Ind., 452 N.E.2d 936. In *Williams, supra,* we decided the reference to a polygraph test had harmed the petitioner sufficiently to warrant reversal because the credibility presumably enhanced was that of the State's primary witness, whose testimony was critical to the outcome of the case. Also, the prosecution had questioned the witness directly about the polygraph test, and defense counsel's request for an admonishment for the jury to disregard the reference was refused by the trial court.

■ In the case at bar, however, the polygraph remark was not purposely elicited but rather was included unexpectedly in the witness' response. The trial court excused the jury and offered appellant his choice of either an admonishment or no further reference whatever to the polygraph test; appellant chose the latter. Most importantly, the witness whose credibility was presumably enhanced by the reference was S.Z., whose testimony was offered not to link appellant to the crime directly, but merely to demonstrate his depraved sexual instinct as revealed by acts not charged in the instant proceeding.

For the reasons stated above, *Williams, supra* is inapposite to the facts here, which are squarely on point with those in *Reese, supra,* where we held that while the mention of the word "polygraph" was erroneous, its probable impact upon the verdict was too attenuated to amount to the grave peril required for reversal. It was not an abuse of discretion for the trial court to deny the motion for mistrial.

Appellant contends the trial court erred in not ordering the State to specify, in its response to appellant's alibi notice, the exact date of commission of the crime charged in Count I of the information. The State's response for Count I alleged appellant had performed sexual intercourse with T.Z., a child then under twelve years of age, on or about February 1, 1985 to on or about February 26, 1985. Appellant argues that because T.Z.'s twelfth birthday fell on February 26, 1985, the charge in Count I was rendered duplicitous as it would be reduced from a Class B to a Class C felony after midnight on T.Z.'s birthday. He also maintains the span of time alleged was too indefinite for him to prepare a defense.

■ However, upon receiving the State's response, appellant never moved the trial court for a more specific one. As appellant cites no authority to the effect that failure of a trial court *sua sponte* to order more specific allegations in the State's pleadings amounts to fundamental error, this issue is waived. *Reed, supra.*

■ Even had appellant made such a motion, its denial would not have been error. Our cases hold the prosecution is required to allege the time of the offense with such specificity as circumstances will allow. *Clifford, supra; Thurston v. State* (1985), Ind., 472 N.E.2d 198. In the case at bar, appellant lived in the same household as the victim and thus was afforded daily opportunity to molest her. She testified of weekly molestations and was able to pinpoint the two dates specified only because they represented her birthday and the day she left home, respectively. We perceive no danger here of the jury having found appellant guilty on Count I of molesting T.Z. after her twelfth birthday, as she testified in detail concerning two distinct instances which clearly occurred before then. Under the circumstances of this case, the State's response to appellant's alibi notice was not overly broad.

■ Appellant contends the trial court erred in failing to instruct the jury as to child molesting as a Class C felony regarding Count I. Appellant reiterates the "duplicity" argument advanced above that the act charged in Count I could not be both a Class B and Class C felony, where the lesser is not an included offense.

However, it seems obvious that an instruction to the jury that they could find

appellant guilty on Count I of either a Class B or Class C felony, depending upon the victim's age, would only aggravate the duplicity he alleges to be inherent to that charge. For appellant to suggest the trial court should have so instructed the jury flies in the face of his own contention that he could be charged with only one crime in Count I because, as he points out, the victim either was or was not over the age of twelve when the act occurred. *Mahla v. State* (1986), Ind., 496 N.E.2d 568. In any event, we have disposed of his duplicity contention above.

■ Moreover, appellant has failed to set forth any tendered instruction or to cite us to any in the record. Failure to give an instruction cannot be deemed erroneous unless it is tendered at trial and set forth verbatim in appellant's brief. Ind.R.App.P. 8.3(A)(7); *Collins v. State* (1987), Ind., 509 N.E.2d 827. It was not error to fail to give the instruction here suggested.

Appellant contends the trial court erred in denying his motion for a directed verdict because the evidence was insufficient to support his conviction. He repeats his argument that Count I was not charged with sufficient specificity, which argument has been disposed of above. He also maintains the uncorroborated testimony of the victim was so inconsistent as to be inherently unbelievable.

■ Appellant cites no authority for his contention and thus waives it. *Reed, supra.* Nevertheless, we find the evidence here sufficient to support his conviction. The uncorroborated testimony of the victim is sufficient to sustain a conviction for child molesting. *Maynard, supra.* Further, we do not find T.Z.'s testimony so inconsistent as to be of "incredible dubiosity." *Cardwell v. State* (1987), Ind.App., 516 N.E.2d 1083. Her testimony as a whole reveals that in recounting the particulars of a few instances out of a great number of molestations occurring over time, she understandably confused the details of one molestation with those of other very similar occurrences. To reconcile such discrepancies, or not, is to judge credibility; this task lies within the province of the jury, which we will not invade. *Hill v. State* (1988), Ind., 517 N.E.2d 784.

The evidence was sufficient to support appellant's conviction. The denial of appellant's motion for directed verdict was not error.

■ Appellant contends the trial court committed fundamental error in summarily denying his motion to correct error. He also argues this summary denial combined with the foregoing allegations of error amounts to reversible error. Appellant, however, waives this issue by his failure to cite authority, refer to the record or offer cogent argument. *Reed, supra.*

■ Even absent waiver, appellant's contention is without merit. Our procedural rules contemplate the disposition of a motion to correct error by reference to the record and to affidavits for matters *dehors* the record; no evidentiary hearing is required. Ind.R.Tr.P. 59; Ind.R.Cr.P. 16, 17; *Bennett v. State* (1984), Ind., 470 N.E.2d 1344. The summary denial of the motion to correct error was not error. It further does not amount to reversible error when combined with other errors alleged on appeal. *Stonebraker v. State* (1987), Ind., 505 N.E.2d 55.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.