**Juan PATTON, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 49A04-8809-PC-320.**

Court of Appeals of Indiana,
Fourth District.

April 26, 1989.

Susan K. Carpenter, Public Defender, Valerie K. Young, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Wendy Stone Messer, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee.

MILLER, Judge.

On June 27, 1973, defendant-appellant Juan Patton pled guilty to a violation of the Offenses Against Property Act (Vehicle Theft) and the court sentenced him to an indeterminate period of 1 to 10 years imprisonment. Patton filed a *pro se* petition for post-conviction relief on September 24, 1985, challenging his guilty plea and the accompanying proceedings. After a hearing, the court denied Patton's petition and this appeal ensued. The issues on appeal restated, are as follows:

I. Whether the trial court erred in denying Patton post-conviction relief given that the record of his guilty plea hearing has been lost or destroyed and cannot be reconstructed.

II. Whether Patton received effective assistance of counsel in his post-conviction relief action.

We reverse.

### FACTS

Sometime prior to June, 1973, Patton entered into a plea agreement with the State of Indiana. He agreed to plead guilty to theft of a motor vehicle and in return the State agreed to recommend a 1 to 10 year sentence, suspended, with one year probation. At the sentencing hearing on June 27, 1973, the court accepted Patton's guilty plea, but rejected the plea agreement. The court sentenced Patton to an indeterminate period of 1 to 10 years imprisonment. More than 12 years later, on September 24, 1985, Patton filed a *pro se* petition for post-conviction relief alleging that his guilty plea was not knowingly, intelligently and voluntarily entered and that the court failed to give him the proper advisements pursuant to I.C. § 35-4.1-1-3. Deputy State Public Defender, Michael Freese, was

assigned to Patton's post-conviction case initially, but withdrew his appearance upon learning that Patton had retained private counsel. At the evidentiary hearing on June 20, 1986, Patton was represented by attorney William Erbecker.

The evidence presented at the hearing consisted of testimony from Erbecker and Freese. Before testifying, Erbecker explained to the court that several portions of the record in Patton's cause were missing, hampering Patton's ability to present errors that occurred at his guilty plea hearing. Erbecker testified that he spoke with the court reporter and Freese prior to the hearing regarding the missing portions of the record in Patton's cause. Based on those conversations, he concluded that there were no records remaining from Patton's guilty plea proceeding, except the transcript of the sentencing hearing. The transcript of the sentencing hearing was admitted into evidence at this time as was a letter from Erbecker to Freese, requesting copies of the written plea agreement and the guilty plea hearing transcript.

Freese testified that during the time he represented Patton, he had attempted to obtain the documents from the original plea proceeding. His letter to the clerk and court reporter requesting these documents was admitted into evidence. Freese stated that he received only a one page minute sheet entry in response to his letter. That minute entry, admitted into evidence, indicated that the court's original file had been reduced to microfilm. Patton presented no further evidence. The State declined to put on evidence, but asked the court to take judicial notice of Indiana Rules of Procedure, Appellate Rule 7.2(A)(3)(c), which details the procedure for recreation of a record when a transcript is unavailable. There were no closing arguments but, before the hearing ended, Erbecker requested permission to file a short memorandum in support of Patton's contentions. The court granted this request, noting that Erbecker should review A.R. 7.2(A)(3)(c) prior to submitting the brief. Erbecker stated that he would review this rule as well as pertinent case law where guilty plea transcripts have been lost or

destroyed. Erbecker filed the memorandum on August 11, 1986. The memorandum contained no discussion of A.R. 7.2(A)(3)(c) or of case law where transcripts have been lost or destroyed. On September 30, 1986, the court denied Patton's petition entering the following findings of fact and conclusions of law:

## "FINDINGS OF FACT AND CONCLUSIONS OF LAW

This cause came on to be heard by the Court on Petitioner's Petition for Post-Conviction Relief, and the Court being duly advised in the premises now makes its findings of fact and conclusions of law in accordance with Rule PC 1 Section 6 of the Indiana Rules of Procedure:

### FINDINGS OF FACT

1. Petitioner was charged by way of Information with Vehicle Theft on February 12, 1973 as a result of an incident on December 2, 1972.

2. On June 27, 1973, Petitioner withdrew his previously-entered plea of not guilty and entered a plea of guilty pursuant to an agreement reached with the State where the State would recommend a sentence of one (1) year probation.

3. On the same day, the Court held a hearing pursuant to Petitioner's plea of guilty.

4. Petitioner was represented by counsel, Paul Rumple, at said hearing.

5. On July 23, 1973, the Court accepted Petitioner's plea of guilty and sentenced Petitioner to one (1) to ten (10) years imprisonment not, however, under the Minor Statute.

6. On September 24, 1985, Petitioner filed his Petition on September 30, 1985, in the following words and figures, to-wit:

### (H.I.)

7. The State filed its Answer to Petitioner's Petition on September 30, 1985, in the following words and figures, to-wit:

(H.I.)

8. On April 29, 1986, Petitioner filed a Motion for Production of Tapes Made of Plea Agreement Transcript of Guilty Plea, Pre–Sentence Report and Sentencing Transcript, in the following words and figures, to-wit:

(H.I.)

9. On June 20, 1986, the Court conducted an evidentiary hearing on the issues raised in Petitioner's Petition; Petitioner appeared in person and by counsel, William Erbecker.

10. At said hearing Petitioner introduced into evidence several exhibits and called Michael Freese and William Erbecker as witnesses:

a. Michael Freese testified that he had originally entered an appearance on behalf of Petitioner and had, in accord with his standard procedure, attempted to obtain transcripts of Petitioner's guilty plea and sentencing hearings. Mr. Freese further testified that he was told by the official Court reporter that the record of the guilty plea hearing was lost or destroyed.

b. William Erbecker testified that he, as Petitioner's counsel, had also attempted to obtain the transcripts, but was only able to obtain a transcript of the sentencing hearing.

11. Petitioner did not introduce any affidavits or other statements.

12. The State presented no evidence.

## CONCLUSIONS OF LAW

1. The law is with the State of Indiana and against the Petitioner.

2. Petitioner has failed to meet his burden of proof as to the allegations in his Petition for Post–Conviction Relief.

3. Petitioner has failed to comport with Indiana Appellate Rule 7.2(A)(3)(c) as required by law.

4. The record in this matter is not silent, but is partially incomplete due to the loss or destruction of the recordings.

WHEREFORE, it is ORDERED, ADJUDGED, and DECREED that the Petitioner's Petition for Post–Conviction Relief should be and is hereby denied."

(R. 88–90).

Approximately nine months after his petition was denied, Patton filed for permission to file a belated motion to correct errors. This motion was granted and Patton filed a belated motion to correct errors on June 23, 1988. This motion was overruled on June 27, 1988 and this appeal followed. (Additional facts appear below where relevant).

## ISSUE I

First, Patton claims that the trial court erred in denying him post-conviction relief, given that the record of his guilty plea hearing has been lost or destroyed and cannot be reconstructed. Here, Patton sought review of his guilty plea entered June 27, 1973. The recording of his guilty plea hearing was either lost or destroyed. (*See* Court's Conclusion No. 4). Procedural rules and a substantial body of case law exist which govern this situation. Indiana Rules of Procedure, Criminal Rule 10, requires that a record be made of guilty plea proceedings, to facilitate review in any later proceedings questioning the validity of the plea. *Zimmerman v. State* (1982), Ind., 436 N.E.2d 1087, 1088. If the record of a guilty plea proceeding is lost, the petitioner must either (1) attempt to reconstruct the record pursuant to A.R. 7.2(A)(3)(c) or, (2) present evidence which establishes that reconstruction is not possible. *Id.; Gallagher v. State* (1980), 274 Ind. 235, 410 N.E.2d 1290, 1293. It is only when reconstruction of the record is not possible that a new trial will be ordered.[1] *Gallagher, supra; Graham v. State* (1984), Ind.App., 468 N.E.2d 604, 605.

Patton admits that he did not attempt to reconstruct the record pursuant to A.R.

---

**1.** Without a record of the guilty plea proceeding, it is impossible to determine whether a defendant was properly advised of his constitutional and statutory rights. *Gallagher, supra; Graham, supra; Corder v. State* (1987), Ind. App., 516 N.E.2d 71.

7.2(A)(3)(c) or, present evidence that reconstruction was not possible at the post-conviction relief hearing. However, he contends that this evidence was attached to his Belated Motion to Correct Errors in the form of affidavits pursuant to Ind. Rules of Procedure, Trial Rule 59(H).

At his initial guilty plea hearing, Patton was represented by Paul Rumple, and the State was represented by A. Thomas Cobb, Deputy Prosecuting Attorney. Judge Harold Kohlmeyer presided over the proceeding and the court reporter was Jennifer Hylden. All of these individuals executed affidavits stating that they had no independent recollection of the details of Patton's guilty plea hearing and therefore, could not reconstruct the record in this cause. These affidavits were attached to Patton's Belated Motion to Correct Errors along with an affidavit from Judith T. Hatfield, the current court reporter in the Marion County Superior Court, Criminal Division 3, stating that she was unable to locate the recording of Patton's guilty plea proceedings.[2] Patton claims that these affidavits prove that the record of his guilty plea hearing cannot be reconstructed and therefore, a new trial must be ordered.

■ Initially, we must decide whether the affidavits attached to Patton's Belated Motion to Correct Errors were properly before the trial court as evidence pursuant to T.R. 59(H)(1). This provision provides:

(1) When a motion to correct error is based upon evidence outside the record, the motion shall be supported by affidavits showing the truth of the grounds set out in the motion and the affidavits shall be served with the motion.

T.R. 59(H)(1) allows a party to disclose, on the record, matters constituting a basis for correction of error which occurred during the prior proceedings, but were not reflected in the record. *Collins v. Dunifon* (1975), 163 Ind.App. 201, 323 N.E.2d 264, 268. The provision also permits the disclosure of newly discovered evidence. *Id.; Radio Distributing v. Nat. Bank and Trust Company* (1986), Ind.App., 489 N.E.2d 642, 645; *Romack v. Public Service Co. of Indiana* (1986), Ind.App., 499 N.E.2d 768 (reversed on other grounds, (1986), Ind.App., 511 N.E.2d 1024). It does not, however, allow a party to offer by affidavit, evidence which he merely neglected to submit at the prior proceeding. *Id.; Mid-States Aircraft Engines v. Mize Co.* (1984), Ind.App., 467 N.E.2d 1242, 1245.

In his brief, Patton admits the evidence was available at the post-conviction relief hearing to prove that the record of his guilty plea hearing could not be reconstructed. However, he claims that his incompetent attorney failed to present it. Apparently Patton believes that because his attorney failed to present this evidence, he should be allowed to present it by affidavits with his Motion to Correct Errors. However, case law illustrates that T.R. 59(H)(1) was not designed for this purpose. *See Romack, supra; Gregory v. State* (1983), Ind.App., 456 N.E.2d 1072, 1074, *reversed on other grounds*, (1984) Ind., 463 N.E.2d 464. Under the circumstances, the affidavits attached to Patton's Belated Motion to Correct Errors were not properly before the court as evidence outside the record. As the affidavits were not properly before the court, we cannot consider them in reviewing the trial court's action. With this restriction in mind, we examine the remainder of Patton's argument.

### ISSUE II

■ Next, Patton contends he received ineffective assistance of post-conviction counsel and, as a result, he was denied post-conviction relief. The standard for judging claims of ineffective assistance of post-conviction counsel was enumerated in the recent decision of *Baum v. State* (1989), Ind., 533 N.E.2d 1200. In *Baum*, our supreme court stated:

The right to counsel in post-conviction proceedings is guaranteed by neither the Sixth Amendment of the United States Constitution nor art. 1, § 13 of the Con-

---

**2.** Hatfield did however, locate former reporter Hylden's written shorthand notes of the guilty plea hearing, but could not transcribe them.

Hylden stated in her affidavit that her shorthand notes were too old for her to transcribe.

stitution of Indiana. A petition for post-conviction relief is not generally regarded as a criminal proceeding and does not call for public trial within the meaning of these constitutional provisions. *Carman v. State* (1935), 208 Ind. 297, 196 N.E. 78. It thus is not required that the constitutional standards be employed when judging the performance of counsel when prosecuting a post-conviction petition at the trial level or at the appellate level. We therefore apply a lesser standard responsive more to the due course of law or due process of law principles which are at the heart of the civil post-conviction remedy. We adopt the standard that if counsel in fact appeared and represented the petitioner in a procedurally fair setting which resulted in a judgment of the court, it is not necessary to judge his performance by the rigorous standard set forth in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674.[3] *Id.* at 1201.

Applying this "lesser standard" to the case before us, we conclude that Patton's post-conviction counsel's performance denied him a fair hearing on the merits of his petition in accordance with "due process of law principles." *Id.*

In this case, Patton claims his post-conviction counsel's performance was deficient because he: (1) failed to apprise himself of the case law and procedural rules relevant to the case, (2) failed to gather and introduce the necessary evidence in support of Patton's claim, and (3) failed to properly amend Patton's *pro se* petition for post-conviction relief.

As noted earlier, the recording of Patton's guilty plea hearing was either lost or destroyed. When the record of a guilty plea proceeding is lost or destroyed, a petitioner must either (1) attempt to reconstruct the record pursuant to A.R. 7.2(A)(3)(c) or, (2) present evidence which

establishes that reconstruction is not possible. *Zimmerman, supra; Gallagher, supra.*

At the beginning of the hearing, Erbecker informed the court that Patton's guilty plea transcript was unavailable, thus hampering Patton's ability to present errors that occurred during his guilty plea proceeding. The court asked the State to comment, at which time Deputy Prosecuting Attorney Suzanne Katt called the court's attention to *Zimmerman, supra,* and A.R. 7.2(A)(3)(c), noting that this authority describes the procedure to be followed when the transcript of a proceeding has been lost or destroyed. Katt pointed out that the loss of a record of a guilty plea hearing does not require a vacation of the plea *per se,* and that a petitioner must avail himself of A.R. 7.2(A)(3)(c) in an effort to reconstruct the record. Additionally, Katt noted that the statute referred to in Patton's *pro se* petition for post-conviction relief[4] was not yet in effect at the time of Patton's guilty plea. The record reflects two colloquies between Erbecker and Katt which show that Erbecker was unfamiliar with the *Zimmerman* case and the statute referred to in Patton's *pro se* petition:

"MS. KATT:

... I would call the Court's attention to a case by the name of: *Zimmerman versus State.* The cite on that is —.

MR. ERBECKER:

What's the name of the case?

MRS. KATT:

*Zimmerman versus State.*

MR. ERBECKER:

*Timmerman?*

MS. KATT:

*Zimmerman.*

MR. ERBECKER:

*Zimmerman.*"

[R. 121]

---

**3.** Under *Strickland, supra,* the standard for judging claims of ineffective assistance of counsel is whether a defendant received "reasonably effective assistance." A defendant must show (1) that his counsel's performance was deficient and (2) that the deficient performance prejudiced his defense. Essentially, a defendant must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.*

**4.** I.C. § 35–4.1–1–3.

And later:

"MR. ERBECKER:

May I have those citations? *Zimmerman versus State;* what is that?

MS. KATT:

*Zimmerman versus State, 436* —.

MR. ERBECKER:

— 436 NE —?

MS. KATT:

— NE2d, 1087.

MR. ERBECKER:

1087?

MS. KATT:

1087.

MR. ERBECKER:

The other case?

MS. KATT:

Well, I did refer the Court to the statute, which is IC 35–4 —.

MR. ERBECKER:

— wait a minute, IC 4 —?

MS. KATT:

.1 —.

MR. ERBECKER:

— .1.

MS. KATT:

Dash 1 —.

MR. ERBECKER:

— dash 1.

MS. KATT:

Dash 3 —.

MR. ERBECKER:

— dash 3."

[R. 123–124]

At the conclusion of Patton's evidence, the State did not present evidence, but asked the court to take judicial notice of A.R. 7.2(A)(3)(c). Erbecker demonstrated his unfamiliarity with this rule as follows:

"COURT:

You going to present evidence, Miss Katt?

MS. KATT:

No, Your Honor, only to ask the Court to take judicial notice of Appellate Procedure Rule 7.2(A)(3) —.

MR. ERBECKER:

— what is it?

COURT:

That's capital, A, and small case, c, isn't it, Miss Katt?

MS. KATT:

Yes, Your Honor.

MR. ERBECKER:

That's Appellate Rule 7.2(A)(3). Is that what you said?

MS. KATT:

(A)(3)(c).

MR. ERBECKER:

A through, what?

MS. KATT:

(c).

[R. 153]"

Before the end of the hearing, Erbecker requested permission to file a memorandum in support of Patton's contentions, prior to the court's ruling on his petition. The court granted this request and stated, "Obviously you're going to look at 7.2(A)(3)(c)." (R. 154). Erbecker's response was:

"MR. ERBECKER:

I'm going to look at the stuff she gave me. I'm going to look at Appellate Rule 7.2(A)(b)(sic), and *Zimmerman versus State,* 436 N.E.2d, 1087, and IC 35–4.1–1–3, and some other cases that I have in mind.

[R. 154]"

Erbecker filed the memorandum on August 11, 1986. It contained no mention of A.R. 7.2(A)(3)(c) or the *Zimmerman* case. It is evident from the transcript of the post-conviction hearing that Erbecker failed to apprise himself of the case law and procedural rules governing this case. Knowledge of governing legal principles central to a case is a prerequisite to effective representation. The *Zimmerman* case was decided four years before Patton's post-conviction relief hearing and *Graham, supra* was decided nearly two years before Patton's hearing. In *Helton v. State* (1985), Ind., 479 N.E.2d 538, and *Smith v. State* (1979), 272 Ind. 216, 396 N.E.2d 898, our supreme court deemed counsel ineffective for failure to know the basic law crucial to the client's case.

Next, Patton claims that Erbecker's performance was deficient because he failed to gather and introduce the necessary evidence in support of Patton's claim. We agree. The evidence Erbecker presented at the hearing addressed only the unavailability of the written plea agreement and the guilty plea hearing transcript. Erbecker was not familiar with *Zimmerman, supra,* or A.R. 7.2(A)(3)(c), and therefore failed to gather and present evidence to either reconstruct the record or to show that the record could not be reconstructed. Apparently, Erbecker believed that his only task was to prove that the recording of the guilty plea hearing had been lost or destroyed. In his memorandum he quoted from a number of cases in which the records of guilty plea proceedings were silent as to advisements of particular rights. Erbecker apparently equated the lack of a record with a silent record. However, as our supreme court noted in *Zimmerman, supra,* a lost record is not *per se* the equivalent of a silent record and that the loss of a record does not require a vacation of a guilty plea *per se.* It is only when the record cannot be reconstructed pursuant to A.R. 7.2(A)(3)(c), that a guilty plea will be set aside. Although Erbecker was made aware of *Zimmerman* and A.R. 7.2(A)(3)(c), he failed to gather and present evidence (in the memorandum) to either reconstruct the record or to show that the record could not be reconstructed.

Finally, Patton claims that his attorney's performance was deficient because Erbecker failed to properly amend his *pro se* petition for post-conviction relief to include the allegation that the recording of the guilty plea hearing has been lost or destroyed.

Generally, issues are established by the evidence introduced at trial, rather than by the pleadings. *James v. Brink & Erb, Inc.* (1983), Ind.App., 452 N.E.2d 414, 417; *Sve-*

*tich v. Svetich* (1981), Ind.App., 425 N.E.2d 191, 193–194. A formal motion to amend pleadings is unnecessary if the issues were actually tried by the parties. Ind.Rules of Procedure, Trial Rule 15(B); *Joy v. Chau* (1978), 177 Ind.App. 29, 377 N.E.2d 670, 675. In this case, it appears that the issue of the unavailability of the guilty plea transcript was tried by consent of the parties. At the beginning of the hearing, the court asked Erbecker to state the issues he would be presenting. Erbecker defined the issue as Patton's inability to present errors that occurred at the guilty plea hearing due to loss of the transcript. The State did not object to the introduction of this issue. When Erbecker introduced evidence on this issue, the State, again, did not object. Where a trial ends without objection as to its course, the evidence controls and unpleaded issues are deemed to be tried by consent of the parties.[5] *Svetich, supra.* Under the facts of this case, it appears that the issue of the unavailability of the guilty plea transcript was before the court by consent of the parties. Thus, Erbecker did not error in failing to formally amend Patton's written petition to include it.

Despite the fact that Erbecker did not err in failing to amend the written petition, we find that his overall conduct in this case must be deemed unreasonable. Erbecker was apprised of the case law and procedural rules critical to Patton's case at the post-conviction relief hearing. He was specifically apprised by the court to review A.R. 7.2(A)(3)(c) prior to submitting his post-hearing memorandum. However, Erbecker failed to do this. Erbecker made no effort to present to the court, either by re-opening the case or by further affidavits in the post-hearing memorandum, the facts from which the court could determine the only critical issue before it. We do not believe this was a "procedurally fair set-

5. We note that before a party may impliedly consent to the trial of an issue, he must receive notice of that issue. *Svetich, supra; James, supra.* Here it appears that the State had notice that Patton intended to raise the issue of the unavailability of the guilty plea transcript at the hearing. After Erbecker defined the issue, the court asked the State to respond. At this time,

the State called the court's attention to *Zimmerman, supra,* and A.R. 7.2(A)(3)(c), noting that these authorities control when transcripts or recordings are unavailable for review. The fact that the State was able to prepare a response indicates that it had notice of this issue prior to the hearing. Moreover, the State does not claim that it did not receive notice of this issue.

ting" because, in essence, the court had no record before it from which it could review Patton's claim. *Baum, supra.* As a result, Patton was denied a fair hearing on the merits of his petition in accordance with due process of law principles.

In this court's recent opinion in *Alston v. State* (1988), Ind.App., 521 N.E.2d 1331, 1335, *trans denied,* we stated that if counsel is inadequate at a post-conviction proceeding, the remedy would be to allow the defendant to start over. In this case, Patton was denied effective assistance of post-conviction counsel, thus, the appropriate remedy is to allow him to start over. We remand this cause to the trial court with instructions to allow Patton to file a new petition for post-conviction relief.

Reversed.

CHEZEM, J., concurs.

CONOVER, P.J., dissents with separate opinion.

CONOVER, Presiding Judge, dissenting.

I respectfully dissent. I read *Baum v. State* (1989), Ind., 533 N.E.2d 1200, as requiring only

(1) the appearance of counsel, in a

(2) procedurally fair setting, which resulted in

(3) a judgment of the court.

Such was the case here.[1] Any defects in counsel's performance did not affect the fairness of the process or the law.

Counsel's performance or lack of it cannot affect the outcome of this civil matter under *Baum.* That issue is a personal one between Patton and his attorney.

I would affirm.

---

1. In civil proceedings a litigant dissatisfied with his counsel's performance is left to his civil remedies. Cf. *Johnson v. Rutoskey* (1984), Ind. App., 472 N.E.2d 620, 623 (Generally, ineffective assistance of counsel is not a basis for reversing a civil case. The court specifically declined to speculate about the propriety of arguing ineffective assistance of counsel in cases of a civil nature having criminal or punitive ramifications, e.g. petitions for post conviction relief, juvenile matters, and the like.); *In re Marriage of Ford* (1984), Ind.App., 470 N.E.2d 357, 361, *trans. denied* (In a civil case one suffers the consequences of any error of judgment made by the attorney she hires.); and *Weenig v. Wood* (1976), 169 Ind.App. 413, 425–426, 349 N.E.2d 235, 243 (Where civil litigant was represented by Utah attorney in an Indiana court held lack of Indiana counsel was no reason for reversal.)