**Robert WAGNER, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 65A01–9003–CR–118.**

Court of Appeals of Indiana,
First District.

Oct. 31, 1990.

Michael C. Keating, Laurie Baiden Bumb, Evansville, for appellant-defendant.

Linley E. Pearson, Atty. Gen., Geoff Davis, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee-plaintiff.

RATLIFF, Chief Judge.

## STATEMENT OF THE CASE

Robert Wagner (Wagner) appeals a jury verdict finding him guilty of two (2) counts of Child Molesting, Class C felonies.[1] We affirm.

## FACTS

The facts most favorable to the jury's verdicts indicate that Wagner, a sixty-two-year old man, molested D.C., his mildly retarded niece. On several occasions between 1984 and 1986, when D.C. was between the ages of twelve and fourteen, Wagner took her in his van to a nearby wooded area. Once in the woods, Wagner would tell D.C. to help him undress and to perform fellatio on him. D.C. was nude while she did so, and Wagner would fondle her breasts. After Wagner ejaculated, they would dress and he would return D.C. to her home. On three occasions, Wagner performed cunnilingus on her. Wagner told D.C. to keep these incidents a secret; however, she told a stranger on a bus about the molestations in the spring of 1989. D.C. later pointed out the wooded area where the molestations occurred to a Posey County Sheriff's Deputy.

Wagner was charged by information on May 8, 1989 with two counts of child molesting. After a jury trial held on September 27 and 28, 1989, Wagner was found guilty as charged. The trial court sentenced Wagner to five (5) years on each count, with two (2) years to be executed and three (3) years suspended to probation, said sentences to run concurrently.

Wagner filed a timely supplemental motion to correct error on December 13, 1989,[2] along with two (2) supporting affidavits of Ralph and Judith Fisher.[3] The affidavits are identical, except for the change in the gender of the affiant, and read as follows:

"The undersigned, upon affirmation hereinafter shown, deposes and says:

1. That she was in attendance at the trial of the Defendant, specifically during the testimony of the alleged victim, [D.C.].

---

1. IND.CODE § 35–42–4–3(c).

2. Wagner's first motion to correct error, filed December 6, was denied by the trial court on December 8, 1989.

3. We note that Judith Fisher testified at trial as a witness on behalf of Wagner.

2. That also present during her testimony were employees of the Posey County Welfare Department.

3. That during direct examination by the Prosecutor, on numerous occasions [D.C.] looked at the Welfare Department employees. They would indicate to her by nodding or shaking their heads what answer she should give. [D.C.] would then answer accordingly.

I AFFIRM, under the penalties for perjury that the foregoing representations are true."

Record at 3–4. The trial court denied Wagner's supplemental motion to correct error on December 15, 1989.[4]

Wagner now appeals. Additional facts will be added as necessary to our discussion.

### ISSUES

Wagner presents two (2) issues for our review:

1. Did the trial court err when it denied Wagner's supplemental motion to correct error which alleged that D.C.'s testimony was coached by spectators?

2. Was the evidence presented at trial sufficient to support the jury's guilty verdicts?

### DISCUSSION AND DECISION

*Issue One*

Wagner argues that the trial court erred when it denied his supplemental motion to correct error which alleged that D.C.'s testimony was coached by spectators. While it is, of course, improper for a spectator in a courtroom to coach a witness while he is testifying, the record before us indicates that Wagner's defense counsel failed to bring the alleged spectator misconduct to the attention of the trial court at trial. The sole support for Wagner's allegation is the

two affidavits filed with his supplemental motion to correct error.

■ We have held that if a criminal defendant is not aware of an error at trial, he may raise the issue by filing an affidavit along with his motion to correct error. *See Merry v. State* (1975), 166 Ind.App. 199, 230, 335 N.E.2d 249, 267 (sleeping juror). In addition, "Ind. Trial Rule 59(H)(1) [5] allows a party to disclose, on the record, matters constituting a basis for correction of error which occurred during the prior proceedings, but were not reflected in the record." *Patton v. State* (1989), Ind.App., 537 N.E.2d 513, 516. However, this rule "does not mean that a party may simply offer by affidavit, in connection with his motion to correct errors, evidence which he neglected to present at the prior proceeding." *Collins v. Dunifon and Gasoline Equipment Service Co.* (1975), 163 Ind. App. 201, 206, 323 N.E.2d 264, 268.

■ Wagner does not assert in his motion that he was not present during the alleged spectator misconduct, nor does he state that the alleged conduct was concealed from him. Indeed, Wagner's motion provides no explanation as to why an objection could not have been made at trial. We find, therefore, that the affidavits attached to Wagner's supplemental motion to correct error were not properly before the trial court as evidence pursuant to T.R. 59(H)(1). *See Patton*, 537 N.E.2d at 516; *Collins*, 163 Ind.App. at 207, 323 N.E.2d at 268. Likewise, we cannot consider the affidavits in reviewing the trial court's denial of Wagner's supplemental motion to correct error. *See Id.*

Because no evidence appears on the record to support Wagner's contention of spectator misconduct, the issue was not properly before the trial court. We thus

---

4. We note that the trial court's ruling was premature. Under Ind.Crim.Rule 17, the State had twenty (20) days after Wagner filed his motion in which to file a response and counter-affidavits. The record indicates that when the State timely filed counter-affidavits on December 21, 1989, the trial court had already ruled on the matter.

5. T.R. 59(H)(1) provides:

"When a motion to correct error is based upon evidence outside the record, the motion shall be supported by affidavits showing the truth of the grounds set out in the motion and the affidavits shall be served with the motion."

find no error in the trial court's denial of his motion.

*Issue Two*

■ Wagner also contends the evidence was insufficient to support the jury's guilty verdicts. When presented with such a claim, "we will affirm the conviction if, considering only the probative evidence and reasonable inferences supporting the verdict, without weighing evidence or assessing witness credibility, a reasonable trier of fact could conclude that the defendant was guilty beyond a reasonable doubt." *Peate v. State* (1990), Ind., 554 N.E.2d 825, 827. In the absence of inherently improbable testimony by the State's witness which runs contrary to human experience, we will not disturb the jury's judgment. *Olinger v. State* (1984), Ind., 463 N.E.2d 1385, 1387.

While Wagner concedes this standard of review, he urges us to find that D.C.'s limited mental ability, coupled with her confusion about the exact dates, times, locations, and details of the incidents, renders her testimony incredible and inherently unbelievable. We have reviewed carefully the record in this cause, and we find no merit in Wagner's argument. We agree that D.C.'s limited mental ability caused her testimony to be confusing and contradictory at times. However, it was the jury's function to determine D.C.'s credibility, taking into account her mental ability. *See Tague v. State* (1989), Ind., 539 N.E.2d 480, 482.

In addition, while some of D.C.'s testimony was contradicted by other witnesses,[6] the resolution of such conflicts in evidence is within the province of the jury. *Maynard v. State* (1987), Ind., 513 N.E.2d 641, 644. The jury may believe whomever they choose. *Id.* Here, the jury chose to believe D.C. when she stated unequivocally that Wagner had committed the acts alleged in the informations. The uncorrob-

orated testimony of the victim is sufficient to sustain a conviction for child molesting. *Bixler v. State* (1989), Ind., 537 N.E.2d 21, 23.

We decline Wagner's invitation to reweigh the evidence, and hold there was sufficient evidence presented from which the jury could reasonably conclude Wagner committed the crimes charged.

Affirmed.

BAKER and SULLIVAN, JJ., concur.

---

**6.** Wagner points to his own testimony and that of his wife that he was unable to obtain an erection due to medication, and that he was a circumcised male. While part of D.C.'s testimony may be interpreted as describing a sexual encounter with an uncircumcised male, we note that, given D.C.'s limited mental ability, this testimony could also have been a description of

manual masturbation. Furthermore, we note that it was not necessary for Wagner to obtain a full erection to commit the acts alleged in the informations.