**Anthony GRAVES, Appellant–
Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 49A02–0207–PC–522.

Court of Appeals of Indiana.

Feb. 26, 2003.

Eric K. Koselke, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Robin Hodapp–Gillman, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BARNES, Judge.

### Case Summary

Anthony Graves appeals the denial of his successive petition for post-conviction relief. We reverse and remand for further proceedings.

### Issue

The sole issue for our review is whether the post-conviction court properly denied Graves' petition.

### Facts

In 1981, Graves pled guilty to burglary, a Class B felony. In 1999, Graves filed a post-conviction relief petition, claiming that his plea was not entered knowingly, intelligently, and voluntarily and that there was an insufficient factual basis to support the guilty plea. Graves retained attorney Stephen Lewis to represent him during the post-conviction proceedings.

During the evidentiary hearing on the post-conviction petition, Graves presented evidence that the tapes of the guilty plea hearing could not be located. The post-conviction court denied the petition on the basis that he had failed to present sufficient evidence that the guilty plea record could not be reconstructed. Having been further retained by Graves to perfect an appeal, Lewis miscalculated the due date of the praecipe and failed to perfect a timely appeal.

In 2001, we granted Graves permission to file a successive petition for post-conviction relief. In that petition, Graves claimed that Lewis was ineffective for failing to present affidavits that the record could not be reconstructed and for failing to perfect a timely appeal. After an evidentiary hearing, the post-conviction court denied the second petition, holding:

1. As noted above, this is a successive Petition. Graves nevertheless attempts to relitigate the same claims he raised in his first petition. The Court finds that because Graves raised the claims regarding whether he received the *Boykin* advisements and whether the record can be recreated in his first post-conviction petition and the claims were resolved against him, such claims are unavailable to him in this successive petition.... He was not entitled to considered [sic] is whether post-conviction counsel performed ineffectively by failing to perfect an appeal from the denial of Graves' first petition.

2. The standard for ineffectiveness of post-conviction counsel differs from the standard applied to trial and appellate counsel.... In other words, if counsel appeared and represented the petitioner in a procedurally fair setting that resulted in a Judgment from the court, post-conviction counsel performed effectively. This is the standard to be applied to Lewis' performance. The Court finds that post-conviction counsel Lewis did, in fact, appear and represent Graves in a procedurally fair setting and that the Court issued a judgment on the petition. Thus, even if the Court were to consider Lewis' performance during the hearing, i.e., reconsider the claims raised in the first petition, the Court would find that Lewis' performance during the hearing met the standard established for post-conviction counsel.

3. The Court of Appeals, however, has found that a different standard applies

to the appeal from the denial of post-conviction relief. In *Poling v. State,* 740 N.E.2d 872 (Ind.Ct.App.2000), the court considered an issue similar to Graves' issue under consideration here. Poling pursued an appeal from the denial [of] post-conviction relief, but his private counsel missed a filing deadline, which ended the appeal. Poling sought and received permission to file a successive petition, which was also denied. On appeal from the denial of his successive petition, Poling argued that post-conviction counsel was ineffective for missing the filing deadline. After discussing the *Baum* standard, the court determined that by missing the deadline, counsel had not appeared in a procedurally fair setting. The court then concluded that the more rigorous standard from *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), was applicable. The court found that missing a deadline satisfied the first *Strickland* prong of deficient performance and determined that prejudice—in this context—could be found if the petitioner could show that his appeal would have been successful. In other words, if the appellate court "would have affirmed the post-conviction court's denial of [petitioner]'s first petition for post-conviction relief, the [petitioner] was not prejudiced by his counsel's mistake."

4. Applying this standard to Graves' case, the Court finds that post-conviction counsel's performance was not ineffective because the appellate court would have affirmed the Court's denial of relief. In order to prevail in the post-conviction court, Graves had to establish his grounds for relief by a preponderance of the evidence. The Court denied Graves' first petition because he "failed as a matter of law to present, pursuant to Appellate Rule 7.2, a record of the trial court guilty plea proceedings,"

which demonstrated that his record was silent regarding the *Boykin* advisements. This finding was correct based on the evidence Graves presented on his first post-conviction relief petition.

Moreover, Graves would have faced a much higher burden on appeal. He would have faced the challenge of proving that "the evidence as a whole leads unerringly and unmistakably to a decision opposite that reached by the post-conviction court." The Court finds Graves would not have been able to do so. In *Curry v. State,* 674 N.E.2d 160 (Ind.1996), our Supreme Court granted transfer to reverse the Court of Appeals' holding that granted a post-conviction petitioner relief on a record reconstruction claim. The appellate court had reversed the trial court's denial of post-conviction relief finding that met his burden of proving a record impossible to reconstruct. Our Supreme Court, however, found "the defendant clearly failed as a matter of law to present, pursuant to Appellate Rule 7.2, a record of the trial court guilty plea proceedings. Thus he has not demonstrated that the record is 'silent' as to whether or not he received the necessary *Boykin* advisements." This Court's finding on Graves' first petition was consistent with the holding of *Curry,* and he would not have succeeded in reversing this Court's decision on appeal.

Indeed, no evidence was presented at the successive hearing to support the conclusion that his appeal would have been successful. Graces did not question counsel Lewis about his argument on appeal or present any evidence that Graves was entitled to reversal on appeal. Rather, Graves sought in this second try to comply with Appellate Rule 7.2. As noted above, such effort is barred by the doctrine of res judicata.

Consequently, the Court finds that Graves has failed to show that counsel Lewis performed ineffectively because Graves cannot establish that he would have prevailed on appeal.

App. pp. 20–23 (footnote and some citations omitted). Graves now appeals.

## Analysis

■ Graves bore the burden of establishing the grounds for relief by a preponderance of the evidence. Ind. Post-Conviction Rule 1(5). Because he is now appealing from a negative judgment, to the extent his appeal turns on factual issues, Graves must convince us that the evidence as a whole leads unerringly and unmistakably to a decision opposite that reached by the post-conviction court. *See Harrison v. State,* 707 N.E.2d 767, 773 (Ind.1999). We will disturb the decision only if the evidence is without conflict and leads only to a conclusion contrary to the result reached by the post-conviction court. *Timberlake v. State,* 753 N.E.2d 591, 597 (Ind.2001).

Graves' successive post-conviction relief petition alleged that his post-conviction counsel was ineffective during the first post-conviction proceedings. Specifically, he alleged that Lewis failed to present sufficient evidence establishing that the guilty plea record could not be reconstructed and that he caused Graves' appeal from the denial of his post-conviction relief petition to be dismissed because he missed the deadline for filing the praecipe. The second post-conviction court denied his petition on the basis that he did not establish he received ineffective assistance of counsel.

■ The right to counsel in post-conviction proceedings is guaranteed by neither the Sixth Amendment of the United States Constitution nor art. 1, § 13 of the Constitution of Indiana. *Daniels v. State,* 741 N.E.2d 1177, 1190 (Ind.2001). A petition for post-conviction relief is not generally regarded as a criminal proceeding and does not call for a public trial within the meaning of these constitutional provisions. *Id.* It thus is not required that the constitutional standards be employed when judging the performance of counsel when prosecuting a post-conviction petition at the trial level or at the appellate level. *Id.*

■ We therefore apply a lesser standard responsive more to the due course of law or due process of law principles that are at the heart of the civil post-conviction remedy. *Id.* If counsel in fact appeared and represented the petitioner in a procedurally fair setting that resulted in a judgment of the court, it is not necessary to judge his performance by the rigorous standard set forth in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *Id.*

We turn our attention to the dispositive issue of whether Lewis' representation was ineffective with respect to the reconstruction of the guilty plea record. During Graves' post-conviction hearing, Lewis presented evidence that the tape of the guilty plea hearing had been lost or destroyed. Specifically, he presented affidavits of the judge and court reporter stating that the tape could not be located. Lewis also presented Graves' testimony that he was not fully advised of his rights before he pled guilty. Lewis' argument was essentially that because the tape was unavailable and Graves stated he was not properly advised, the guilty plea should be set aside.

■ Procedural rules and a substantial body of case law exist which govern the situation where records from a guilty plea hearing are unavailable. Indiana Rules of Procedure, Criminal Rule 10, requires that a record be made of guilty plea proceed-

ings, to facilitate review in any later proceedings questioning the validity of the plea. If the record of a guilty plea proceeding is lost, the petitioner must either (1) attempt to reconstruct the record pursuant to Appellate Rule 31 (formerly A.R. 7.2(A)(3)(c)) or, (2) present evidence which establishes that reconstruction is not possible. *Zimmerman v. State*, 436 N.E.2d 1087, 1088 (Ind.1982). It is only when reconstruction of the record is not possible that a new trial will be ordered. *Patton v. State*, 537 N.E.2d 513, 515 (Ind.Ct.App. 1989).

The supreme court in *Zimmerman*, 436 N.E.2d at 1087, held that when a defendant seeks post-conviction relief alleging his guilty plea was not voluntarily made, the loss of a record or transcript of a guilty plea will require the vacation of the plea and a new trial only when reconstruction of the record through former Appellate Rule 7.2 is impossible. *Id.* at 1088–89. In *Zimmerman*, the tape recording of the guilty plea hearing had been lost or inadvertently destroyed. The State attempted to reconstruct the record pursuant to former Appellate Rule 7.2(A)(3)(c) and submitted its attempt to the post-conviction judge, who also presided over the guilty plea hearing. Over the defendant's objection, the post-conviction judge certified the State's reconstructed record. On appeal, our supreme court rejected the defendant's "belief that a lost record was per se the equivalent of a silent record" and denied the defendant post-conviction relief because he "did not avail himself of the provisions of Appellate Rule 7.2(A)(3)(c) allowing him to participate in the reconstruction of the lost record." *Id.* at 1089.

In *Patton v. State*, 537 N.E.2d 513, 517 (Ind.Ct.App.1989), defense counsel Erbecker was not familiar with *Zimmerman* and former Appellate Rule 7.2(A)(3)(c), and therefore failed to gather and present evidence to either reconstruct the record or to show that the record could not be reconstructed. Apparently, Erbecker believed that his only task was to prove that the recording of the guilty plea hearing had been lost or destroyed. In his memorandum, he quoted from a number of cases in which the records of guilty plea proceedings were silent as to advisements of particular rights. Erbecker apparently equated the lack of a record with a silent record. However, we reasoned that as our supreme court noted in *Zimmerman*, a lost record is not per se the equivalent of a silent record and that the loss of a record does not require a vacation of a guilty plea per se.

The evidence Lewis presented at the hearing addressed only the unavailability of the guilty plea hearing transcript or tape. Lewis failed to establish that the rest of the court's record could not be located and made no attempt to reconstruct the record. In other words, Lewis did not reconstruct the record under the appellate rules and did not present sufficient evidence to establish that the record could not be reconstructed. Demonstrating that the tape was unavailable was not enough to satisfy the *Zimmerman* standard. During the hearing on Graves' successive post-conviction relief petition, Lewis testified that he had information that the rest of the record was not available and yet did not present such evidence because it was his understanding of the law that he did not need to do so. Clearly, that was not the state of the law on this point at the time. Lewis had an obligation to attempt a reconstruction of the record or, if absolutely nothing remained from which he could reconstruct it, he had an obligation to prove to the post-conviction court that the record could not be reconstructed. This would include, for example, affidavits from court personnel stating that no court records were still in existence, that no

notes from court reporters or probation officers remained, and that no court personnel had any independent recollection of the hearing. It would also include affidavits from the attorneys of record establishing that they did not have any files or notes relating to the hearing and had no independent recollection. Lewis' presentation fell short of this standard.

The question remains then as to the effect such representation had on Graves and his post-conviction relief petition. If Lewis had been successful in reconstructing the record, then the post-conviction court would have been able to address Graves' claims on the merits. If Lewis had been successful in establishing that the record could not be reconstructed, then Graves' guilty plea would have been set aside because the record would have been silent as to whether he was properly advised of his rights before entering the plea. *See Patton,* 537 N.E.2d at 515. There was evidence presented at his successive post-conviction relief hearing that such evidence may have existed and could have been presented at the first post-conviction relief hearing. We cannot say that Graves was represented in a procedurally fair setting given that his conviction could have been set aside if Lewis had established the record could not be reproduced. As such, Graves received ineffective assistance of counsel.[1]

In our opinions in *Patton,* 537 N.E.2d at 520 and *Alston v. State,* 521 N.E.2d 1331, 1335 (Ind.Ct.App.1988), *trans. denied,* we stated that if counsel is inadequate at a post-conviction proceeding, the remedy was to allow the defendant to start over. In this case, Graves was denied effective assistance of post-conviction counsel, thus, the appropriate remedy is to allow him to

start over. We remand this cause to the trial court with instructions to allow Graves to file a new petition for post-conviction relief for purposes of determining whether he was properly advised of his rights during the guilty plea proceedings. His new counsel will have the opportunity to present the appropriate evidence to establish that the guilty plea record is unavailable, if indeed it is.

### Conclusion

Lewis failed to make an adequate attempt to establish that the record could not be reconstructed. If he had been successful in doing so, the post-conviction court's ruling on the petition could have been different. We conclude Graves was not represented in a procedurally fair setting and thus received ineffective assistance of counsel. We reverse and remand for further proceedings.

Reversed and remanded.

BAILEY, J., and ROBB, J., concur.

---

1. Because we find that Graves did not receive adequate representation during the hearing, we need not reach the question of whether

Lewis' failure to initiate a timely appeal also constituted ineffective assistance of counsel.